**UNITED STATES of America**

v.

**Max CHAIKIN, Appellant.**

**UNITED STATES of America**

v.

**Marvin D. GITELSON, Appellant.**

**Nos. 91–3101, 91–3102.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 17, 1992.

Decided April 3, 1992.

Earl J. Silbert, Washington, D.C., for appellants in 91–3101 and 91–3102.

Barry Wiegand, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John R. Fisher, William S. Block, and Katherine Winfree, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before BUCKLEY, WILLIAMS, and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Max Chaikin and Marvin Gitelson, both of whom pleaded guilty to making false statements in violation of 18 U.S.C. § 1001 and interstate transportation of fraudulently obtained property in violation of 18 U.S.C. § 2314, appeal from non-Guideline sentences of 18 to 54 months' imprisonment, praying vacation of the sentences and remand for resentencing. They assert that the District Court erred by improperly considering controverted factual allegations without evidentiary support and by failing to make findings as to controverted items in the Presentence Investigation Reports and appending such findings to the reports in violation of Fed.R.Crim.P.

32(c)(3)(D). Because we conclude that the District Court failed to make and append such findings, and because the disputed findings included at least one pivotal contested matter as to which the evidentiary support is unclear, we vacate the sentences and remand for further proceedings in compliance with Rule 32.

## I. BACKGROUND

Chaikin and Gitelson were originally charged in a 28–count indictment, which included charges of Racketeer Influenced and Corrupt Organizations ("RICO") violations, RICO conspiracy, bribery, drug activities, wire fraud, and obstruction of justice. In addition, they were charged in a second indictment with making false statements and interstate transportation of property taken by fraud. The charges arose out of an investigation of real estate transactions involving mortgages insured by the Federal Housing Administration of the United States Department of Housing and Urban Development ("FHA"). Both defendants entered a plea agreement with the government, pursuant to which each agreed to plead guilty to one count of violating 18 U.S.C. § 2314 (interstate transportation of fraudulently obtained property), and one count of violating 18 U.S.C. § 1001 (false statement) in a superseding information. In exchange for their guilty pleas, the government agreed to dismiss the original indictment against Chaikin and Gitelson.

As part of the plea agreement, the government and appellants agreed upon a two-paragraph Statement of Uncontested Facts. The first paragraph stated that the appellants had operated a fraudulent scheme in the District of Columbia and Maryland, which had over the years caused a loss to the FHA and financial institutions of $75,000 to $100,000. The second paragraph included a statement describing Chaikin's involvement in drug activity between 1977 and mid–1983. It also stated that Gitelson had possessed marijuana once in 1980, and described other limited activity

during 1981–82. Appellants entered their guilty pleas before the District Court on July 3, 1990.

The Probation Office prepared Presentence Investigation Reports ("PSI") and supplemental memoranda on Chaikin and Gitelson which contained extensive factual allegations beyond the plea offenses and the Statement of Uncontested Facts. The sentencing hearing transcript of another person implicated in the real estate scheme, also submitted to the District Court, contained material suggesting that Chaikin and Gitelson originated the scheme and that others copied it. As permitted by Fed. R.Crim.P. 32,[1] each defendant made comments on the PSI alleging factual inaccuracy therein. On April 3, 1991, the District Court held sentencing hearings on both defendants, made oral findings as to some of the contested matters, and sentenced each defendant to 18 to 54 months' imprisonment on each count, sentences to run concurrently.

Defendants then brought this appeal, in which they raise several allegations of error. The only issue warranting discussion is whether the District Court committed reversible error by its failure to make findings as to each controverted item in the PSI and to append such findings to the reports pursuant to Fed.R.Crim.P. 32(c)(3)(D). For the reasons set forth more fully below, we find that it is necessary to vacate the sentences and remand for compliance with that rule.

## II. DISCUSSION

Though appellants commence their attack on the sentences below by asserting that "the district court erroneously considered and relied on other alleged offenses for which Appellants were not convicted, which Appellants controverted, and in support of which the Government offered no record evidence," Brief of Appellants at 12, the sentencing appears to have been without substantive error. It is apparent that the District Judge considered

---

**1.** All references to Rule 32 herein are to the version applicable to offenses committed prior to the effective date of the Sentencing Guidelines, November 1, 1987. UNITED STATES SENTENCING COMMISSION GUIDELINES MANUAL 1 (1991).

other counts of the indictment to which the defendants had not pleaded guilty. It is also true that he had presided over trials in other related and similar cases not involving the defendants (a fact of which the defendants had actual notice) and took the evidence in those cases into account. It is not, however, true that either of these facts warrants any relief.

Without belaboring a point that has been extensively considered by federal courts in the past, it has long been the law in pre-Guideline federal sentencing that "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 590, 30 L.Ed.2d 592 (1972). A judge may consider a wide range of facts concerning the defendant's background and behavior, including "additional out-of-court information to assist him in the exercise of" the sentencing function, *Williams v. New York*, 337 U.S. 241, 252, 69 S.Ct. 1079, 1085, 93 L.Ed. 1337 (1949), and criminal activity beyond the offenses of conviction, including "evidence of counts in an indictment that has been dismissed by the government." *United States v. Campbell*, 684 F.2d 141, 152 (D.C.Cir.1982) (citation omitted). *See also Williams v. Oklahoma*, 358 U.S. 576, 584–86, 79 S.Ct. 421, 426–27, 3 L.Ed.2d 516 (1959). As other circuits have noted, to hold that a district court erred in taking notice of the factual basis of dismissed counts in determining sentence "would be to hold that the circumstance of the other counts' dismissal somehow sanitized the facts upon which they were based." *United States v. Martinez*, 584 F.2d 749, 750 (5th Cir.1978). *See also United States v. Romano*, 825 F.2d 725, 728 (2d Cir.1987); *United States v. Majors*, 490 F.2d 1321, 1324 (10th Cir.1974); and *Billiteri v. U.S. Board of Parole*, 541 F.2d 938, 944 (2d Cir.1976), *inter alia*.

■ Appellants' further argument that the record contained inadequate evidentiary support for several alleged facts before the court at sentencing is only a little stronger. Due process requires only that "*some* evidentiary basis beyond mere allegations" support the sentencing court's findings, *United States v. Smith*, 887 F.2d 104, 108 (6th Cir.1989), and that sentences not be "imposed on the basis of 'misinformation of constitutional magnitude,'" *Roberts v. United States*, 445 U.S. 552, 556, 100 S.Ct. 1358, 1361, 63 L.Ed.2d 622 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972)). We have no trouble finding this standard satisfied here.

■ The scope of our review of the District Court's fact findings, however, is murkier. We now review fact findings at the sentencing stage under the clearly erroneous standard, *see* 18 U.S.C. § 3742(e)(4), but the statute applies only to acts committed after November 1, 1987, *see* Pub.L. No. 98–473, 98 Stat. 2031 (1984). Before the Sentencing Guidelines went into effect, there was little appellate review of sentencing, especially as to fact findings underlying sentences, because the law did not require express findings. Indeed, as one Supreme Court Justice noted, absent a "trial judge's laudable explication of his reasons for imposing a sentence," rarely could a reviewing court discern the factual basis for the sentence. *United States v. Grayson*, 438 U.S. 41, 55, 98 S.Ct. 2610, 2617, 57 L.Ed.2d 582 (1977) (Stewart, J., dissenting). However, in 1983 an amendment to Rule 32 of the Federal Rules of Criminal Procedure, requiring the district court to make explicit findings on contested factual issues, took effect, thus permitting the review we now conduct.

As the District Court sentenced Chaikin and Gitelson for acts committed from 1977 through mid–1983, their sentences fit into a small category for which appellate review of findings is required, yet § 3742(e)(4)'s specification of the clearly erroneous standard does not apply. We have recently held, however, in a non-sentencing context, that the clearly erroneous standard governs review of fact findings in criminal cases on issues other than guilt, cf. *United States v. Paxson*, 861 F.2d 730, 737 (D.C.Cir.1988), and we can think of no rea-

son why a different standard would be preferable here.

■ Although we do not find any of the District Court's findings to be clearly erroneous, we must remand for lack of a specific finding on one key issue. Rule 32 requires that where the comments or other information presented by the defendant alleges any factual inaccuracy in the PSI, the trial judge must either make a determination that the controverted matter will not be taken into account or make findings of fact as to the true state of each matter controverted, and append such findings to the PSI. It is apparent from the wording of Rule 32(c)(3)(B) that a primary purpose of this procedure is to furnish accurate information to the Bureau of Prisons and the Parole Commission. However, of more immediate moment, the findings requirement also serves to protect " 'a defendant's due process rights to be sentenced on the basis of accurate information.' " *United States v. Hanono–Surujun,* 914 F.2d 15, 20 (1st Cir.1990) (quoting *United States v. Bruckman,* 874 F.2d 57, 63–64 (1st Cir.1989)).

In the present case, the District Judge did state his findings on the record as to most controverted matters. As to one specific matter, allegations of obstruction of justice, he expressed his conclusion that it was inadequately supported and declared that he would not rely on it. Unfortunately, as to one pivotal allegation now concerning us—that the two defendants bribed a VA appraiser—the record is obscure and the Court's finding is not clear. We therefore vacate the sentences entered by the District Court and remand for resentencing and compliance with Rule 32.

■ We hasten to note two disclaimers. First, we find nothing inherently erroneous in the sentences entered by the District Court and do not intend any implication as to whether he should modify them on remand. We only direct the Court to enter the findings required by Rule 32 or state its non-reliance on the contested matter. The second disclaimer is of a more precedential sort. We do not intend by this decision to fashion a bright line rule that every failure of literal compliance with Rule 32 requires remand for resentencing. *See United States v. Bradley,* 812 F.2d 774, 782 (2d Cir.) (not every technical violation of the rule mandates resentencing), *cert. denied,* 484 U.S. 832, 108 S.Ct. 107, 98 L.Ed.2d 67 (1987); *United States v. Poor Thunder,* 810 F.2d 817, 826 (9th Cir.1987) (Rule 32 should not be turned "into a vehicle for verbal quibbles or argumentation about phrasing"). For example, where the District Court has met the substantive requirements of Rule 32, but has fallen short of the "largely ministerial matter" of attaching its findings to the PSI, the proper relief may be a mere revision of the report. *United States v. Ursillo,* 786 F.2d 66, 71 (2d Cir.1986).

In short, we do not join those circuits that require vacation of sentence and remand for attachment to the PSI of a written statement of factual findings for every case in which a sentencing judge fails to provide such a statement. *United States v. Morgan,* 942 F.2d 243, 246 (4th Cir.1991) (vacation and remand for resentencing for failure to resolve dispute over amount of cocaine base distributed by defendant after defendant objected to PSI); *United States v. Hanono–Surujun,* 914 F.2d at 19–20; *United States v. De La Vega,* 913 F.2d 861, 872–73 (11th Cir.1990); *United States v. Fernandez–Angulo,* 897 F.2d 1514, 1516 (9th Cir.1990) (en banc) (adopting the bright line rule that "[i]f the district court fails to make the required findings or determinations, the sentence must be vacated and the defendant resentenced."); *United States v. Mandell,* 905 F.2d 970, 973–74 (6th Cir.1990).

Here we vacate and remand only because the record does not reveal the District Court's finding on a serious and potentially pivotal sentencing factor—the commission of another serious offense. Were the record clear without the written finding, or were the contested matter one of less import, a lesser remedy might well suffice. *See, e.g., United States v. Singh,* 923 F.2d 1039, 1044–45 (3d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2065, 114 L.Ed.2d 469 (1991); *United States v. Wells Metal Fin-*

*ishing,* 922 F.2d 54, 58 (1st Cir.1991); *United States v. Rodriquez–Luna,* 937 F.2d 1208, 1213 (7th Cir.1991); *United States v. Busche,* 915 F.2d 1150, 1152 (7th Cir.1990); *United States v. Moran,* 845 F.2d 135, 138 (7th Cir.1988); *United States v. Forbes,* 888 F.2d 752, 755 (11th Cir.1989).

Even here, given the record before the District Court, the seriousness of the offenses, and the other matters considered, it may well be that only the record and not the result will differ after remand.

### III. CONCLUSION

In sum, we conclude that the record is not clear as to one pivotal allegation available for consideration by the District Court in its sentencing. Absent a statement of findings, we cannot determine whether the Court relied on inaccurate or unreliable facts in its consideration of this allegation. For that reason, we vacate and remand for further proceedings consistent with this opinion.