106 F.3d 442
 323 U.S.App.D.C. 173
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Hyter Ricardo WILLIAMS, Appellant.
 No. 96-3029, 96-3077.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 02, 1997.
 
 Before EDWARDS, Chief Judge; HENDERSON and RANDOLPH, Circuit Judges.
 
 JUDGMENT
 
 1
 These cases were heard on the record from the United States District Court for the District of Columbia and on the briefs and arguments by counsel. The court has accorded the arguments full consideration and has determined the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons set out in the accompanying memorandum, it is
 
 
 2
 ORDERED that the judgment of the district court be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).
 
 MEMORANDUM
 
 4
 Appellant, Hyter Ricardo Williams, appeals his conviction and sentence resulting from his possession of 50 grams or more of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (1981). He argues that there was insufficient evidence that he constructively possessed the drugs found on the rear passenger's side floor of the stolen, parked car in which he occupied the driver's seat and his co-defendant, Safari Washington, sat behind him. While mere proximity to contraband is not sufficient to establish constructive possession, proximity plus "proof of motive, a gesture implying control, evasive conduct, or a statement indicating an involvement in an enterprise" or some other evidence connecting the defendant to the contraband suffices to put the question of guilt to the jury. United States v. Gibbs, 904 F.2d 52, 56 (D.C. Cir.1990). In addition to his proximity to the drugs, Williams was in control of the car, made an unsolicited protestation of innocence to the police and used language ("We're not doing nothing. We're just sitting here." Trial Tr. 139) suggesting he and Washington were involved in a shared enterprise. Particularly given the uncontroverted evidence that the drugs did not belong to the legitimate owner of the car, the fact that Williams was also convicted of stealing the car should not lessen Williams's responsibility for its contents. The evidence thus provides sufficient support for the jury's conclusion.
 
 
 5
 As to his sentence, Williams argues that the district court violated Federal Rule of Criminal Procedure 32 by not ruling with adequate specificity on his request for a downward adjustment for his minor role in the offense under United States Sentencing Guidelines section 3B1.2. Although the district court ruled expressly only on the related minimal role issue, it is sufficiently clear to us that the court intended its ruling to extend to the request for a minor role adjustment as well. At the sentencing hearing, Williams's own counsel summarized the request for a minimal or minor role adjustment by stating that "it does seem that there was minimal participation by Mr. Williams in this possession." Sentencing Tr.6. See United States v. Chaikin, 960 F.2d 171, 175 (D.C. Cir.1992) (ministerial failure to comply with requirement of specific findings on disputed sentencing matters does not require remand). In any event, the presentence report, which the court adopted at the sentencing hearing, included an addendum addressing--and rejecting on the evidence--Williams's claim to a minimal or minor role reduction. See United States v. Gaytan, 74 F.3d 545, 557 (5th Cir.1996) (court's resolution of sentencing issue may be ascertained from presentence report adopted by reference). Finally, the factual findings adopted by the district court in denying the minimal and minor role adjustments were not clearly erroneous. See United States v. Kim, 23 F.3d 513, 517 (D.C. Cir.1994) (factual findings at sentencing reviewed for clear error).