**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John J. BUSCHE, Defendant–Appellant.**

**No. 89–3539.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 10, 1990.

Decided Oct. 15, 1990.

Scott C. Newman, Asst. U.S. Atty., Office of the U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

---

Kevin P. McGoff, Safrin, Kiefer & McGoff, Indianapolis, Ind., for defendant-appellant.

Before CUMMINGS, CUDAHY, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

The principal question in this case under the Sentencing Guidelines is whether the district judge violated 18 U.S.C. § 3552(d) by scheduling sentencing nine days after the probation office told the defendant he could examine the presentence report. Section 3552(d) gives ten days, "unless this minimum period is waived by the defendant." The version of Fed.R.Crim.P. 32(c)(3)(A) that took effect on December 1, 1989, duplicates the statutory rule, replacing the former standard of a "reasonable time". The notice came to defendant Busche on November 1, 1989; defendant and counsel examined the report on November 8; sentencing took place the next day.

If "waiver" in § 3552(d) means an intentional relinquishment of a known right—the standard used for waiver of counsel and some other constitutional entitlements, see *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)—then Busche must be resentenced. The district judge did not inform Busche of § 3552(d) and obtain his express consent to advance the sentencing by a day. If however we understand waiver to mean the failure to assert one's rights at the appropriate time, another common meaning, see *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), then there is no procedural difficulty. Neither Busche nor his lawyer asked for additional time; counsel told the court he was ready to proceed.

Normally defendants must inform the court that they want to invoke their entitlements, both statutory and constitutional. *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *United States v. Martinez*, 883 F.2d 750 (9th Cir.1989). Often it is to litigants' advantage to surrender a right, and allowing one to stand silent while retaining the option of invoking the right later facilitates speculation. The par-

ty takes his best shot and accepts any favorable outcome; if the disposition is not to his liking, he pulls the ace out of his sleeve and demands another shot. The process wastes judicial resources and creates a bias to boot, for the other side has no equivalent right to set aside unfavorable outcomes. Fed.R.Crim.P. 52(b) demonstrates that if defendants do not insist on their due at the appointed hour, only plain error permits a second go. We applied this principle to sentencing in *United States v. Atehortua*, 875 F.2d 149 (7th Cir.1989) (collecting other cases).

By saying that the defendant may waive the 10 days in which to study the presentence report, § 3552(d) gave the defendant charge of the timing. Nothing in the text or structure of the law implies that the district court must initiate a colloquy along the lines of Fed.R.Crim.P. 11(c) to determine whether the accused understands this. Defendants therefore may surrender their right under § 3552(d) by participating in sentencing without objection. Busche did just this, perhaps preferring to get the subject behind him rather than to prolong the anxiety. His election, whether advertent or not, is conclusive. Accord, *United States v. Turner*, 898 F.2d 705, 713–14 (9th Cir.1990) (even a defendant who asks for a continuance "waives" the 10–day period when he does not give reasons). No further analysis is necessary to show that Busche's silence also surrenders any rights he may have had under a general order of the district court establishing periods for review of presentence reports.

The only contested issue at sentencing was whether Busche would receive the four-level enhancement for being a "leader". U.S.S.G. 3B1.1(a). Five persons participated in stealing $57,200 from a savings bank. It was an inside job: Busche's paramour, an employee, provided the keys to enter the bank and open the automatic teller machines. Busche went with her, taking steps to cover their traces. The division of the proceeds alone (Busche admits taking about a third of the loot, and

the prosecution calculates two-thirds) implies that Busche had a lead role; so does the fact that the bank employee apparently had no criminal ambitions until Busche appeared on the scene. Busche treats his role as negligible, but our review is deferential, 18 U.S.C. § 3742(e), *United States v. Marshall*, 908 F.2d 1312, 1326 (7th Cir. 1990) (in banc). The district court's conclusions are not clearly erroneous.

Last and least is a complaint about procedure. Although the district court did not formally attach to the presentence report a written statement that contested matters had not been considered, he said exactly this in open court. The transcript may (and should) be appended to the presentence report in conformity with Rule 32(c)(3)(D)(ii). *United States v. Moran*, 845 F.2d 135, 139 (7th Cir.1988).

AFFIRMED.