**UNITED STATES of America, Plaintiff,**

v.

**Mario RAINONE, et al., Defendants.**

**No. 91 CR 727.**

United States District Court,
N.D. Illinois, E.D.

Aug. 6, 1992.

Chris C. Gair, Mark J. Vogel, U.S. Attorney's Office, Chicago, Ill., for U.S.

Jo–Anne F. Wolfson, Chicago, Ill., for M. Rainone.

Carl M. Walsh, Sam Adam, Chicago, Ill., for G. Alex.

David S. Mejia, Oak Park, Ill., for L. Patrick.

Marvin I. Bloom, Chicago, Ill., for N. Gio.

### ORDER

ALESIA, District Judge.

Before the court is the motion of defendant, Mario Rainone ("Rainone"), to withdraw his plea of guilty to the superseding indictment pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure. The court has carefully considered the parties' pleadings and the pertinent law. We deny Rainone's motion without a hearing.

## I. FACTS

The facts are straightforward. On or about December 18, 1991, the grand jury returned its six-count superseding indictment against Rainone (along with three other defendants) charging him with racketeering conspiracy (Count One), racketeering (Count Two), attempted extortion (Counts Three and Six), conspiracy to commit extortion (Count Four) and extortion (Count Five). In addition, there is a forfeiture count. Trial was scheduled for May 4, 1992.

On April 16, 1992, Rainone's attorney, Martin Agran ("Agran"), advised the court in Rainone's presence that Rainone wished to enter a blind plea of guilty. At this status hearing, the court directed Assistant United States Attorney Chris Gair ("AUSA Gair") to prepare a letter to Agran and the court which set forth the maximum penalties on each count. Several days later, on April 21, 1992, Rainone withdrew his plea of not guilty to counts one through six and entered a blind plea of guilty to counts one, two, three, four, five and six of the superseding indictment.[1] The court conducted an extensive Rule 11 hearing which covers approximately 40 pages of transcript. The court set sentencing for July 27, 1992.

However, several days before his scheduled sentencing, Rainone sought leave of court to substitute attorney Agran with Jo-Anne Wolfson. On July 20, 1992, the court granted Rainone's motion to substitute counsel and reset sentencing for August 19, 1992. On July 29, 1992, Rainone filed his motion to withdraw his plea of guilty. This motion to withdraw was filed more than three months after Rainone entered his presentence plea of guilty.

## II. DISCUSSION

Rule 32(d) provides, in relevant part, that prior to sentencing "the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). It is Rainone's burden to prove such a reason exists. *United States v. Coonce*, 961 F.2d 1268, 1275 (7th Cir.1992). Clearly, Rainone faces an uphill battle. *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir.), *cert. denied*, 479 U.S. 1038, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987) (The record created by a Rule 11 inquiry provides a "presumption of verity."); *United States v. Coonce*, 961 F.2d at 1276 (Rule 11 "provides a thorough hearing to determine the voluntariness and intelligence of guilty pleas, and that defendants afforded such a hearing should not be easily let off the hook when they feel like changing their minds."); *United States v. Trussel*, 961 F.2d 685, 689 (7th Cir.1992) ("A defendant who presents a reason for withdrawing his plea that contradicts the answers he gave at a Rule 11 hearing faces an uphill battle in persuading the judge that his purported reason for withdrawing his plea is 'fair and just.'") Rainone has wholly failed to advance any fair and just reason.

As an initial matter, Rainone's memorandum in support of his presentence motion to withdraw plea was woefully inadequate. Not only was Rainone's opening brief devoid of any pertinent legal authority, it failed to articulate any reason for allowing Rainone to withdraw his plea of guilty. Instead, Rainone set forth a series of unrelated events from the Rule 11 hearing perhaps in the hope that the court could divine some independent fair and just reason. Unfortunately, it was not until Rainone's reply brief that he even attempted to articulate any fair and just reasons. We address each of his reasons in turn.

### A. *Nature of the Charges*

■ First, Rainone argues that he should be allowed to withdraw his plea because the nature of the charges was never sufficiently explained to him. Specifically, Rainone contends that neither the court nor his attorney explained the elements of the charged crimes. Apparently, Rainone believes that he should have been instructed element by element what a jury

---

**1.** On May 1, 1992, the court granted defendant Gus Alex's motion to reset the trial date to June 15, 1992. Thereafter, on May 15, 1992, the court again reset the trial date to September 8, 1992.

must determine in order to convict him. This argument is without merit.

Rule 11 requires no such explanation. Rule 11(c)(1) provides that the court must address the defendant and determine that he understands "the nature of the charge to which the plea is offered." Conspicuously absent from the plain language of the rule is any requirement that the court explain the elements of the charged offenses.

However, the transcript of the Rule 11 hearing clearly reveals that Rainone understood the nature of the charges to which he pled guilty. The court explained the nature of the plea proceeding and then asked Rainone whether he had read the indictment and discussed it with his attorney, whether he understood the nature of the charges, and whether he had discussed them with his attorney. Rainone affirmatively answered each of these questions.

Equally important, Rainone's attorney explained to the court what he had informed Rainone about the charges against him. Thereafter, the court reviewed all six counts of the superseding indictment with Rainone and informed Rainone count by count what he was charged with in each count and what the penalties were. Lastly, the government went into considerable factual detail outlining its evidence against Rainone.

Clearly, the Rule 11 hearing set forth the nature of the charges against Rainone. We had an opportunity to observe Rainone's demeanor and sworn answers to numerous questions. We are satisfied that based on the extensive Rule 11 hearing conducted by this court that he fully understood the nature of the charges to which the plea was offered and that he was not mislead concerning the nature of the offenses. *See United States v. Montoya,* 891 F.2d 1273 (7th Cir.1989).

### B. *Mandatory Minimum Penalties*

■ Second, Rainone contends that he was never informed of the mandatory minimum penalties during the Rule 11 hearing

as is required by Rule 11(c)(1). Rainone argues that the court only advised him of the maximum penalties. In this same vein, Rainone asserts that the concept of the mandatory minimum prison time required to be served under the guideline counts was never explained to him.

This argument merits no extended discussion. Rule 11(c)(1) requires that the court determine that the defendant understands the mandatory minimum penalty provided by law if any minimum exists. In the case at bar, there are no mandatory minimum penalties for any of the charges in the indictment. Accordingly, we reject this argument.

### C. *Explanation of the Guidelines*

Third, Rainone contends that the difference between the guideline and non-guideline counts as well as the mechanics of the guidelines should have been explained to him. Rainone maintains that such an explanation is especially important here where the parties did not provide guideline estimates within the context of a written plea agreement. In further support of his argument, Rainone attaches his affidavit and Agran's affidavit to his reply brief. In his affidavit Rainone states that Agran's estimate of the guideline range was too low.[2] Rainone further states that he relied on Agran's estimate in deciding to plea guilty. Rainone's affidavit provides that "I was counting on 10–13 years" and "would [never] have plead if I thought my sentence would be so much higher than 13 years."

■ Rainone's third argument must be rejected for several reasons. First, Rule 11(c)(1) requires only limited advice about the guidelines. Specifically, the court must inform the defendant that it is "required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances." FED.R.CRIM.P. 11(c)(1). The Advisory Committee notes to the 1989 Amendment make clear that this is all the court must do. Stated differently, the court must be satisfied that the existence of the guidelines is known to a

---

**2.** In his affidavit, Agran solely states that Rai-

none's affidavit is true in substance and in fact.

defendant before a plea of guilty is accepted. However, "the amendment does not require the court to specify which guidelines will be important or which grounds for departure might prove to be significant." Advisory Committee Note to 1989 Amendment.

Second, the court specifically advised Rainone that the superseding indictment contained guideline and non-guideline counts but the court could not determine the guideline sentence until after the pre-sentence investigation report had been completed. Furthermore, the court also advised Rainone that it had the authority in certain circumstances to impose a sentence that is more severe or less severe than the sentence called for in the guidelines, that parole has been abolished under the guidelines, and that the court may also sentence him to a term of supervised release. After this colloquy, the court then told Rainone whether a particular count was a guideline or non-guideline count.

▪ Finally, Rainone's statement in his affidavit that he was counting on 10–13 years and would not have pled guilty if he thought his sentence would be so much higher than 13 years is suspect. Importantly, Rainone's affidavit contradicts his statement during the Rule 11 hearing that he understood he faced up to 120 years imprisonment.[3] Furthermore, this position directly contravenes the court's admonition to Rainone that the final decision on his sentence rested with the court. Lastly, the defendant properly recognizes that sentencing disappointment is not a sufficient reason to withdraw plea agreements. *See United States v. Knorr*, 942 F.2d 1217, 1220 (7th Cir.1991).

### D. *Self–Incrimination*

▪ Fourth, Rainone posits that he did not have sufficient time to reflect upon, consider and waive his Fifth Amendment right against self-incrimination. This argument is based on the fact that during the plea hearing AUSA Gair cautioned Rainone that statements he made could be used against him in future indictments. During the plea AUSA Gair stated that while the U.S. Attorney and the grand jury had not yet acted he fully expected Rainone would be indicted in another case in the future. Ostensibly in support of his argument that he was not aware of this fact until the time of the hearing, Rainone relies on Agran's statement "he told me that aspect today." (Tr. 15.)

However, Agran's statement may not be viewed in isolation. Rainone does not cite to Agran's statement in its entirety. Agran responded to AUSA Gair's comments as follows: "I am aware that they were going to—he told me that aspect today. I am aware, and he has been telling me for months, that they are going to indict him on another charge. I made Mr. Rainone aware of that. The specifics of it I still don't know, but I know as much as Mr. Gair has said." (Tr. 15.)

Furthermore, the court explained to Rainone the implications of his guilty plea to any other potential case. When the court specifically asked Rainone if he understood, Rainone affirmatively answered. In this court's view, Rainone knew about the other potential case and made a voluntary and knowing decision to plead guilty notwithstanding any future indictment.

### E. *Conditional Plea*

▪ Fifth, Rainone claims that his denial of certain facts at his plea hearing demonstrates that he was pleading conditionally to the entire indictment and that he therefore did not enter a voluntary plea. What Rainone initially attempted to do was qualify his guilty plea by stating that he was guilty except he denied certain allegations regarding the roles of his co-defendants Gus Alex and Nick Gio. At this juncture, the court insisted that Rainone either plead unconditionally or go to trial. After a 10–minute private consultation with his attorney, Rainone then decided to plead guilty without exception.

---

**3.** Also, it is important to note that AUSA Gair's April 16, 1992 letter to the court and Agran

stated that 120 years was the maximum potential term of imprisonment.

The court engaged in such colloquy with Rainone to prevent the type of attack Rainone now seeks to make. That Rainone did not wish to admit any wrong doing on the part of his co-conspirators does not undermine the voluntariness of his plea. In point of fact, Rainone decided to plead unequivocally after consultation with his lawyer.

Accordingly, we reject this and all of Rainone's reasons offered in support of his motion to withdraw. Rainone is an intelligent and manipulative individual. We remain convinced, especially after our Rule 11 hearing, that he voluntarily and knowingly entered his plea. He has wholly failed to offer any fair and just reason which would permit him to withdraw his plea of guilty.[4]

Finally, no evidentiary hearing is required on Rainone's motion to withdraw plea in light of the extensive Rule 11 inquiries made by the court before accepting his plea. *United States v. Fountain*, 777 F.2d 351, 358 (7th Cir.1985), *cert. denied*, 475 U.S. 1029, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986); *United States v. Thompson*, 680 F.2d 1145, 1152 (7th Cir.1982), *cert. denied*, 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983); *United States v. Stitzer*, 785 F.2d 1506, 1514 (11th Cir.), *cert. denied*, 479 U.S. 823, 107 S.Ct. 93, 93 L.Ed.2d 44 (1986). We are firmly convinced that no evidentiary hearing is required. The court had a full and actual opportunity to observe Rainone during the extensive Rule 11 hearing, and we are satisfied that Rainone's plea was voluntarily and intelligently made.

## III. CONCLUSION

For the reasons stated in this opinion, defendant Mario Rainone's motion to withdraw his plea of guilty to the superseding indictment pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure is de-

nied. Rainone's sentencing date of August 19, 1992 stands.

---

**4.** As Rainone has not demonstrated a fair and just reason we need not undertake the second inquiry of prejudice to the government.