27 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James J. SARNA, Defendant-Appellant.
 No. 93-2497.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 25, 1994.[1]
Decided June 20, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In October 1989, defendant entered a plea of guilty to counterfeiting over $2 million, in violation of 18 U.S.C. Secs. 471, 472. In January 1990, defendant failed to appear for sentencing. In April 1993, defendant was arrested in Missouri and returned to Indiana for sentencing. He received 87 months' imprisonment for the counterfeiting conviction. On appeal, defendant argues that it was error to enhance his offense level for his role in the offense, and error to refuse to grant him a reduction for acceptance of responsibility.
 
 
 2
 In reviewing a sentence, we accept the sentencing court's findings of fact unless clearly erroneous, and we give due regard to that court's credibility determinations. 18 U.S.C. Sec. 3742(e). Defendant raised no objections at the sentencing hearing, and thus has waived the issues he now presents on appeal. United States v. Rivero, 993 F.2d 620, 623 (7th Cir.1993). Our only authority to decide the issues, therefore, is under the plain error doctrine. Id.; United States v. Jackson, 974 F.2d 57, 60 (7th Cir.1992), cert. denied, 113 S.Ct. 2976 (1993); Fed.R.Crim.P. 52(b). A plain error is "straightforward" but it "need not be plain in the ... sense that it leaps out at the reader of the district court's decision." United States v. Caputo, 978 F.2d 972, 975 (7th Cir.1992). We will reverse on the basis of plain error, however, only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 113 S.Ct. 1770, 1779 (1993). See also United States v. Seacott, 15 F.3d 1380, 1391 (7th Cir.1994) (Easterbrook, J., concurring) ("Olano emphasizes that Rule 52(b) permits courts of appeals to disregard even plain and prejudicial errors"); United States v. Caputo, 978 F.2d at 976 (even if an error is plain, the appellate court need not always notice it and reverse the district court).
 
 
 3
 A sentencing error affecting substantial rights can constitute plain error. United States v. Robinson, No. 93-2128 (7th Cir. March 25, 1994), 1994 WL 95924 at * 2; United States v. Kopshever, 6 F.3d 1218, 1222 (7th Cir.1993); United States v. Caputo, 978 F.2d at 975 ("[t]o impose an unlawful sentence is a miscarriage of justice, and often the determination of the lawfulness of a sentence does not depend on a factual determination"); United States v. Atehortua, 875 F.2d 149, 151 (7th Cir.1989). See also United States v. Busche, 915 F.2d 1150, 1151 (7th Cir.1990) ("By participating in sentencing without objection," defendant effectively surrendered any right he might have had for reviewing presentence report under 18 U.S.C. Sec. 3552(d)).
 
 
 4
 Defendant contends that it was error to accept the recommendation in the Pre-Sentencing Investigation (PSI) report that the sentence be enhanced four levels under the United States Sentencing Guidelines for his role in the offense because the district court failed to identify five participants. The Guidelines provide that the offense level may be increased four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. Sec. 3B1.1(a).
 
 
 5
 We have held that, notwithstanding a sentencing court's failure to make specific findings under U.S.S.G. Sec. 3B1.1, the record may adequately support a decision to enhance the sentence under that section. See, e.g., United States v. Carson, 9 F.3d 576, 585 (7th Cir.1993) (Sec. 3B1.1); United States v. Beal, 960 F.2d 629, 635 (7th Cir.) (Sec. 3E1.1), cert. denied 113 S.Ct. 230 (1992); United States v. Blas, 947 F.2d 1320, 1330 (7th Cir.1991) (Sec. 3E1.1), cert. denied, 112 S.Ct. 1234 (1992); United States v. Lamon, 930 F.2d 1183, 1193 n. 26 (7th Cir.1991). This is especially true where, as in this case, the defendant did not challenge the factual basis for the sentence.
 
 
 6
 Even if there were a plain error, on this record the lack of findings does not "seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 113 S.Ct. at 1779. There is evidence in the record that five people participated in the counterfeiting. There is also sufficient evidence in the record to show the alternate requirement under U.S.S.G. Sec. 3B1.1 of an "otherwise extensive" criminal enterprise. Brown reported to the government that in the Spring of 1989 he and defendant traveled through nine states passing approximately $30,000 in counterfeit notes. The amount passed to the public in 1988 and 1989 totalled $92,430. Defendant also admitted distributing $500,000 in counterfeit notes to Jeff Bayles in Chicago, who used the money to purchase 500 pounds of marijuana from an undercover agent. See United States v. Rose, Nos. 92-10742, 93-10001 (9th Cir. April 1, 1994), 1994 WL 107266 at * 7-8 (no plain error in failure to make finding under Sec. 3B1.1 identifying five participants where record reveals their identity; moreover, inquiry into the number of participants is obviated by satisfaction of second prong of Sec. 3B1.1, magnitude of criminal enterprise); United States v. Johnson, 4 F.3d 904, 917 (10th Cir.1993) (no plain error in enhancement under Sec. 3B1.1; it is not necessary to show that defendant had actual control over the five participants), cert. denied, 114 S.Ct. 1081 (1994); United States v. Rivero, 993 F.2d 620, 624 (7th Cir.1993) (no plain error in enhancement under Sec. 3B1.1; defendant need not control all five participants). We conclude that defendant has waived the issue and the plain error doctrine does not revive it.
 
 
 7
 Defendant also contends he should have received a two-level reduction for acceptance of responsibility. A defendant bears the burden of demonstrating that he is entitled to the reduction. United States v. Skinner, 986 F.2d 1091, 1100 (7th Cir.1993). We find no plain error. The district court was entitled to determine that the 35-minute statement defendant made at the sentencing hearing showed an absence of acceptance of responsibility where defendant tried to shift the blame for his conduct to numerous other people and events.
 
 
 8
 In addition, it would be difficult to find acceptance of responsibility where defendant fled prior to sentencing and disappeared for three years, living in another state under an assumed name and continuing his foray into the world of counterfeiting. Also, when defendant learned that codefendant Larry Brown had been arrested in Wisconsin, defendant telephoned him and recommended that he flee from Wisconsin. (As the district court commented: "Unfortunately for Mr. Sarna, Mr. Brown already was cooperating with federal investigators, who were monitoring the telephone calls.") Under these facts, no plain error resulted from refusing to grant a reduction for acceptance of responsibility where defendant's sentence was enhanced for obstruction of justice.
 
 
 9
 We are unpersuaded by defendant's argument that a double jeopardy violation exists where he was denied acceptance of responsibility because of his flight, and later charged with failure to appear. See United States v. Troxell, 887 F.2d 830 (7th Cir.1989) (use of failure to appear at sentencing as enhancement of sentence for cocaine-related conviction did not bar on double jeopardy grounds subsequent conviction for failure to appear for sentencing); United States v. Brown, 785 F.2d 587 (7th Cir.1986) (no double jeopardy violation where sentence on fraud charge enhanced because defendant fled before sentencing, and subsequently convicted for bail jumping). See also United States v. Nyhuis, 8 F.3d 731 (11th Cir.1993) (double jeopardy clause does not bar prosecution for criminal conduct that was used for sentence enhancement in earlier prosecution).
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record