142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
Ahmad BISHAWI, Defendant-Appellant.
 No. 97-3820.
 United States Court of Appeals,
Seventh Circuit.
 .
Argued Mar. 3, 1998.
Decided Apr. 14, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 CR 361 James T. Moody, Judge.
 Before Hon. JESSE E. ESCHBACH, Hon. JOHN L. COFFEY, Hon. ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Ahmad Bishawi pleaded guilty to illegally re-entering the United States after having been previously deported, a violation of 8 U.S.C. § 1326, and possessing a visa that was acquired by making false statements, a violation of 18 U.S.C. § 1546. The district court sentenced him to 71 months in prison and fined him $2,000. Bishawi appeals the application of a sentencing guideline enhancement, U.S.S .G. § 2L1.2(b)(2), that lengthened his sentence. We affirm.
 
 
 2
 Bishawi is a native of Jordan. He was initially deported from the United States in 1995. On July 2, 1996, a grand jury returned an indictment charging Bishawi with violating 8 U.S.C. § 1326 by illegally re-entering the United States (Count I), and violating 18 U.S.C. § 1546 by using and possessing a visa that had been procured by false statements[1] (Count II). The indictment did not specify which subsection of § 1326 Bishawi was charged with violating. Section 1326 has several subsections. Under § 1326(a), simple re-entry, the maximum sentence is two years. If the defendant has a prior felony conviction, however, the maximum sentence is ten years under § 1326(b)(1), and if that prior conviction was an aggravated felony as that term is defined under 8 U.S.C. § 1101(a)(43), the maximum sentence is twenty years under § 1326(b)(2).[2]
 
 
 3
 One week after the indictment was returned, the government filed a Notice of Intention to Seek Statutory Enhanced Penalties stating that the government believed that Bishawi's conduct fell under § 1326(b)(2), as he had been convicted of an aggravated felony (distribution of a controlled substance) prior to his deportation. The government therefore notified Bishawi that it believed he was subject to a prison term of up to twenty years.
 
 
 4
 The case was set for trial on May 5, 1997. Moments before jury selection was to begin, Bishawi told the trial judge that he wished to plead guilty to Count I. Upon being told that the attorney for the government lacked authority to drop Count II, and listening to an exchange in which the judge and the attorneys for both parties agreed that Count II would not affect his sentence under the sentencing guidelines, Bishawi agreed to plead guilty to Count II as well. The court then questioned Bishawi under oath:
 
 
 5
 Q: Do you understand that the maximum possible penalty provided by law for the crime charged in Count 1 of this indictment is 20 years in prison, plus a fine of $250,000, do you understand that.
 
 MR. WASHINGTON (defense attorney): No.[3]
 
 6
 A: Yes, your Honor.
 
 
 7
 Q: Do you also understand that the maximum penalty for the crime charged in Count 2 of the indictment is ten years in prison plus a fine of $250,000?
 
 
 8
 A: Yes, your Honor.
 
 
 9
 Plea Tr. at 23. Bishawi also testified that he understood that the court would follow the United States Sentencing Guidelines in determining his sentence, that the court would not be able to determine the guideline sentence until after a pre-sentence report had been prepared, and that the court could depart from the guidelines under certain circumstances. Id. at 25-26.
 
 
 10
 The district court told Bishawi that if he went to trial, the government would be required to prove three elements to convict him of Count I: that Bishawi was not a United States citizen; that he was lawfully deported; and that he re-entered the country without the consent of the Immigration and Naturalization Service. The government then made its proffer of the evidence it would have adduced at trial, which included these three elements and also evidence that in 1987 Bishawi was convicted of cocaine trafficking. Id. at 33-36. Bishawi admitted each of the three elements, and also admitted that he had been convicted of a crime that was an aggravated felony under the immigration statute, and that this was the basis for his deportation in 1995. Id. at 35.[4]
 
 
 11
 The pre-sentence report (PSR) calculated Bishawi's base offense level as 8, and then increased that level by 16 under U.S.S.G. § 2L1 .2(b)(2). Like 8 U.S.C. § 1326(b)(2), U.S.S.G. § 2L1.2(b)(2) increases the penalty for illegal re-entry when the alien was previously convicted of a felony.[5] With the resulting offense level of 24 and a criminal history category of II, the guidelines provided for 57 to 71 months' imprisonment. Bishawi filed objections to the PSR challenging (among other things) the imprisonment range, on the ground that the indictment did not charge him with a violation of 8 U.S.C. § 1326(b)(2) and he pleaded guilty only to the elements of § 1326(a), for which the maximum sentence is two years. On October 24, 1997, the district court overruled Bishawi's objections and sentenced him to 71 months in prison with a $2,000 fine.
 
 
 12
 On appeal, Bishawi attacks only the length of his prison sentence. He argues that because the indictment charging him did not specify any subsection of § 1326 and the district court recited only the three elements of conviction under § 1326(a) in connection with Bishawi's guilty plea, he did not plead guilty to an "element" of § 1326(b), i.e., a prior aggravated felony conviction. Therefore, he argues, he should have been sentenced in accordance with § 1326(a), which has a statutory maximum of two years' imprisonment.
 
 
 13
 The Supreme Court recently rejected this same argument in Almendarez-Torres v. United States, --- S.Ct.----, No. 96-6839, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350, 1998 WL 126904 (U.S. Mar. 24, 1998). In that case, the petitioner pleaded guilty to illegally reentering the United States after having been convicted of aggravated felonies. He argued that because his indictment did not mention these earlier convictions, he could not be sentenced for more than the two years permitted under § 1326(a). The Court disagreed; it held that § 1326(b)(2) is merely a sentencing enhancement for the offense set forth in § 1326(a), and does not define a separate crime. Id. at * 2. Consequently, neither the statute nor the Constitution required the government to charge the earlier convictions in the indictment. Id. at * 3. Similarly, the government here was not required to write an indictment that mentioned Bishawi's prior aggravated felony conviction. Bishawi does not dispute the fact of this conviction; indeed, he admitted during the plea hearing that he had been convicted earlier for a crime qualifying as an aggravated felony under the Immigration and Nationality Act, Plea Tr. at 35. Thus, there was a sufficient basis for the district court's application of U.S.S.G. § 2L1.2(b)(2).
 
 
 14
 Nor can Bishawi escape his sentence on the ground of lack of notice: he was informed well before his plea hearing that the government believed him eligible for the sentence enhancement of § 1326(b)(2), which establishes a sentence of up to twenty years. In addition, the district court ensured that Bishawi knew that the maximum penalty of imprisonment for Count I was twenty years, and neither Bishawi nor his counsel indicated any disagreement with the court's description of the maximum penalty. Plea Tr. at 23-25. The district court was not required to provide Bishawi with further details of his likely sentence under the sentencing guidelines. See United States v. Knorr, 942 F.2d 1217, 1220 (7th Cir.1991). Under these circumstances, the district court did not err in imposing a sentence of 71 months.
 
 
 15
 Because the provisions of 8 U.S.C. § 1326(b)(2) establish a sentence enhancement applicable under certain circumstances rather than a separate crime with its own elements, the district court did not err in sentencing Bishawi to 71 months of imprisonment. The district court's judgment is AFFIRMED.
 
 
 
 [1]
 The false statements included the use of a false name, and representations that Bishawi had no criminal record within the United States, that he had not been deported from the United States within the past five years, and that he had never been to the United States. Plea Tr. at 36-37
 
 
 [2]
 Title 8, § 1326 provides in pertinent part:
 (a) Subject to subsection (b) of this section, any alien who--
 (1) has been denied admission, excluded, deported, or removed ... and thereafter
 (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission: ...
 shall be fined under Title 18, or imprisoned not more than two years, or both.
 (b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection--
 (1) whose removal was subsequent to a conviction for commission of ... a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both;
 (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both; ....
 
 
 [3]
 This comment appears to be an aside between Mr. Washington and his client, Bishawi. At any rate, Bishawi does not claim that Mr. Washington was speaking for him in making the comment
 
 
 [4]
 Bishawi has not argued that his 1987 conviction is not an aggravated felony conviction within the meaning of 8 U.S.C. § 1326(b)(2). The definition of "aggravated felony" for purposes of § 1326(b)(2) is found in 8 U.S.C. § 1101(43), and includes "illicit trafficking in a controlled substance." 8 U.S.C. § 1101(43)(B)
 
 
 [5]
 The Sentencing Commission adopted U.S.S.G. § 2L1.2(b)(2), requiring the 16-level upward adjustment, following the 1988 enactment of 8 U.S.C. § 1326(b), which establishes harsher penalties for those with prior criminal convictions. See United States v. Munoz-Cerna, 47 F.3d 207, 209-10 (7th Cir.1995)