**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Randy E. ST. CLAIR, Defendant– Appellant.**

**No. 00–2652.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 28, 2000.

Decided April 23, 2001.

---

Before Hon. THOMAS E. FAIRCHILD, Hon. DIANE P. WOOD, and Hon. TERENCE T. EVANS, Circuit Judges.

## ORDER

Randy St. Clair waived indictment and pleaded guilty pursuant to a written plea agreement to an information charging one count of mail fraud, 18 U.S.C. § 1341, one count of wire fraud, 18 U.S.C. § 1343, and two counts of bank fraud, 18 U.S.C. § 1344. The district court sentenced him to concurrent terms of 51 months' imprisonment, supervised release of three and five years on specified counts, $250 in special assessments, and $8,005,923.85 in restitution. St. Clair appeals, arguing that the district court erred in denying him a reduction for acceptance of responsibility and in calculating restitution. He further maintains that the district court abused its discretion in refusing to continue the sentencing hearing so that he could obtain a "forensic accounting" to aid in the determination of restitution.

■ St. Clair's plea agreement contains a sentencing appeal waiver, so initially we must confront the question whether the waiver bars this appeal. Paragraph 29 of the plea agreement reads in part:

> The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the Defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.

We will give effect to an appeal waiver if it is unambiguous and is knowingly and voluntarily made, *Jones v. United States,* 167 F.3d 1142, 1144 (7th Cir.1999); *United States v. Woolley,* 123 F.3d 627, 632 (7th Cir.1997); *United States v. Wenger,* 58 F.3d 280, 282 (7th Cir.1995), and St. Clair does not argue on appeal that the waiver is unenforceable. We have nevertheless reviewed the transcript from the plea colloquy and are convinced that St. Clair knowingly and voluntarily agreed to the waiver.

■ So the appeal waiver is effective but there is a dispute as to its extent. The government reads the waiver as foreclosing St. Clair's challenge to both the imprisonment and restitution components of his sentence. But this reading is overbroad–the waiver applies only to an appeal of "[a] sentence within the maximum provided in the *statute of conviction*" (emphasis added). Although the applicable statutes of conviction provide for imprisonment[1] (and fines), they say nothing about restitution. *See* 18 U.S.C. §§ 1341 (person convicted of mail fraud "shall be fined under this title or imprisoned *not more than five years, or both*"), 1343 (person convicted of wire fraud "shall be fined under this title or imprisoned not more than five years, or both"), 1344 (person convicted of bank fraud "shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both"). For the charged offenses Congress has separately provided for restitution under 18 U.S.C. § 3663A.[1] *See* 18 U.S.C. § 3663A(c)(1)(A)(ii) (making restitution mandatory for property offenses involving fraud). We recently held in *United*

*States v. Behrman,* 235 F.3d 1049, 1052 (7th Cir.2000), that a waiver virtually identical to that here did not preclude an appeal of a restitution order. Accordingly, the waiver bars St. Clair's appeal insofar as it challenges the length of his prison terms (which are within the maximums provided in the statutes of conviction) but does not bar his appeal insofar as it challenges the restitution order.

Turning to restitution, St. Clair first maintains that the district court abused its discretion in denying his motion for a continuance of the sentencing hearing so that he could obtain a "forensic accounting." After taking St. Clair's pleas in September 1999, the district court set sentencing for March 10, 2000, and in early February 2000 the probation officer prepared a presentence investigation report that included a table identifying and detailing the restitution owed to each victim of St. Clair's fraudulent conduct. A week before sentencing, St. Clair, who at that time was represented by retained counsel, filed a pro se "Motion to Dismiss Information," in which he sought, among other things, to withdraw his guilty pleas and proceed pro se. The court granted St. Clair's request to proceed pro se on March 10 and continued sentencing for a later date, but on April 20 the court appointed present counsel at his request. The next day appointed counsel moved to continue the sentencing hearing, which had then been set for May 5. The court granted the motion and rescheduled sentencing for June 16. On May 26 counsel moved for another continuance, explaining that he needed "additional

---

1. With respect to the bank fraud counts, the information charges that St. Clair violated 18 U.S.C. § 1344 and 18 U.S.C. § 3551. The reference to § 3551 does not affect our holding that an appeal of the restitution order is beyond the scope of the appeal waiver. Section 3551, entitled "Authorized sentences," provides that "[a] sanction authorized by sec-

tion ... 3556 may be imposed in addition to the sentence required by this subsection." 18 U.S.C. § 3551(b). Section 3556, in turn, provides that in imposing a sentence the court shall order restitution in accordance with 18 U.S.C. § 3663A. Section 3551 specifies the consequences of conviction but it is not the "statute of conviction."

time for the purpose of investigation." Counsel also said that he needed additional time to have St. Clair undergo a "psychological evaluation" because he may have been suffering from a "mental disease, defect or condition which rendered him unable to fully appreciate the gravity of his plea." On June 1 the court denied the motion, observing in part that St. Clair was "using his various motions, hearings, and changes of heart regarding representation to forestall sentencing" and that the record was devoid of any evidence that St. Clair was suffering from a mental defect at the time of his plea. Counsel moved again for a continuance on June 14, for the first time challenging the loss calculations in the PSR. This time counsel explained that he needed "additional time for a forensic accounting to accurately determine the appropriate ... restitution." The court denied that motion too, citing the reasons it had given in its order denying the May 26 motion for a continuance.

■ The district court did not abuse its discretion in denying St. Clair's motion to continue the June 16 sentencing hearing. *See United States v. Robbins*, 197 F.3d 829, 847 (7th Cir.1999); *United States v. Gwiazdzinski*, 141 F.3d 784, 790 (7th Cir. 1998). St. Clair's proffered basis for requesting a continuance was insufficient—whether a "forensic accounting" would have uncovered errors in the probation officer's loss calculations is simply too speculative to warrant the granting of a continuance. *See Robbins*, 197 F.3d at 847 ("The possibility that an investigator would find information to destroy the credibility of ... a key government witness [] is speculative and is an insufficient basis on which to demand a continuance."); *United States v. Knorr*, 942 F.2d 1217, 1222 (7th Cir.1991) ("The mere possibility that some additional evidence would be obtained ... is insufficient to overcome our deference to

the district judge in this area."). Moreover, counsel had approximately two months to prepare for St. Clair's sentencing, had already been granted one continuance, and had sufficient time to prepare thirteen detailed objections to the PSR's restitution calculations. *See Robbins*, 197 F.3d at 847 (no abuse of discretion in denying motion for continuance where counsel had four months to prepare, had been granted one continuance, and had filed fourteen objections to PSR).

■ St. Clair next maintains that the district court erred in determining restitution because it simply accepted the government's loss calculations at "face value." A district court need only determine the amount of loss for restitution purposes by a preponderance of the evidence, and we review that determination for abuse of discretion. *United States v. Newman*, 144 F.3d 531, 542 (7th Cir.1998). Contrary to St. Clair's assertion, the district court did not simply accept the government's loss calculations. The court had before it the stipulation of facts executed by the parties concurrent with the plea agreement, in which they agreed that the losses for relevant conduct purposes were $6,149,861 for the mail fraud count, $488,000 for the bank fraud counts, and $1,220,00 for the wire fraud count, producing a combined loss of $7,857,861. During the plea colloquy St. Clair acknowledged that the government could prove the losses detailed in the stipulation. St. Clair makes no argument on appeal that the government is limited to the amount to which it stipulated. The court also had before it the PSR, which provided the probation officer's independent calculation of restitution and reflected losses of $6,560,740 for the mail fraud count, $442,858 for the bank fraud counts, and $1,220,000 for the wire fraud count, producing a combined loss of $8,223,598. The probation officer attached to the PSR

a table identifying and detailing the loss to each victim of St. Clair's criminal conduct, and St. Clair filed objections as to the losses listed for thirteen victims of the mail fraud. Finally, the district court heard corroborating testimony from one of the agents who helped investigate St. Clair. He testified as to the extensive inquiry conducted to ascertain the victims' losses, which included examining St. Clair's business and bank records and the victims' records, interviews with each of the victims, and interviews with St. Clair.

 Ultimately, the district court sustained three of St. Clair's thirteen objections and ordered the loss calculations with respect to the three victims revised accordingly. As to his remaining objections St. Clair offered no supporting evidence at the sentencing hearing. *See Newman,* 144 F.3d at 543; *see also United States v. Purchess,* 107 F.3d 1261, 1268 (7th Cir. 1997) ("[A] defendant who wishes to challenge a factual finding in the PSR must do so with evidence and not with simple denials of the PSR."). Under these circumstances, we find that the district court did not abuse its discretion in determining the amount of restitution.

The appeal is DISMISSED insofar as it challenges the length of the imprisonment terms, and the judgment is AFFIRMED insofar as it orders restitution.