**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Flora M.A. BRAZIEL, Defendant–
Appellant.**

No. 03–1769.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 18, 2003.

Decided Jan. 14, 2004.

Robert W. Kent, Jr., Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Flora M.A. Braziel, pro se, Alderson, WV, for Defendant–Appellant.

Before POSNER, COFFEY, and KANNE, Circuit Judges.

ORDER

Flora Braziel pled guilty to two counts of mail fraud, 18 U.S.C. § 1341, and received a total sentence of 96 months' im-

prisonment and three years' supervised release. Braziel filed a notice of appeal, but her appointed lawyer now moves to withdraw because she cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, and Braziel has filed a response as permitted by Circuit Rule 51(b). We limit our review to those potential issues identified by counsel and by Braziel in her response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir.2002).

Braziel used fictitious names to obtain unemployment benefits. She was initially charged with one count of mail fraud in May 2001 and pled guilty in February 2002. Before sentencing, however, the government obtained a second indictment, charging her with continuing the fraud during March and April of that year. She pled guilty to this second count of mail fraud in September 2002, but after the presentence report was issued she moved to withdraw her second plea on the ground that it was not knowing and voluntary. Represented by new counsel, she claimed that her previous lawyer told her that the plea agreement provided for concurrent sentences for the two counts, and that she signed the agreement based on that understanding. It was only at the change-of-plea hearing, she said, that she learned that the agreement contained no such provision. The district court denied Braziel's motion, relying on her statement at the change-of-plea hearing that she had read the plea agreement, that no other promises had been made to induce a guilty plea, and that the essential facts of the charge were correct. Finding that Braziel's later claims of ignorance did not overcome the presumption that her earlier statements were true, *see Schuh*, 289 F.3d at 975, the court concluded that there was no fair and just reason for allowing her to withdrawing her plea.

■ Counsel asks whether it would be frivolous to challenge the court's denial of this motion. She reviews the transcript of the change-of-plea colloquy and concludes that the district court substantially complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. She notes that a district court's decision not to allow a defendant to withdraw her guilty plea is entitled to deference, *see United States v. Wallace*, 276 F.3d 360, 366 (7th Cir.2002), and that a defendant's underestimation of her sentence is generally not a fair and just reason to permit such a withdrawal, *see United States v. Gilliam*, 255 F.3d 428, 434 (7th Cir.2001) (citing *United States v. Knorr*, 942 F.2d 1217, 1220 (7th Cir.1991)). We agree with counsel that it would be frivolous to challenge the district court's decision not to allow Braziel to withdraw her guilty plea.

In her Rule 51(b) response, Braziel suggests potential challenges to her sentence, which was determined as follows: Each of the two counts to which Braziel pled guilty carried a statutory maximum of five years, 18 U.S.C. § 1341 (2000) (amended July 30, 2002). Grouping the counts together, the court calculated a guideline range of 77 to 96 months. The court opted for the high end of that range, imposing consecutive terms of imprisonment of 60 months and 36 months, for a total prison term of 96 months. The court also imposed concurrent three-year terms of supervised release, and ordered Braziel to pay more than $400,000 in restitution.

■ Braziel raises several concerns about this sentence. First, she takes issue with the district court's use of the 2001 sentencing guidelines manual rather than the 1998 version that would have been used in the original sentencing proceeding, had there been no second indictment. But this argument would be frivolous because Braziel herself agreed to the use of the

later version of the manual in her second plea agreement. She next argues that her sentence—eight years' imprisonment plus three years' supervised release—is longer than the statutory maximum of ten years. But a term of supervised release carries its own statutory maximum, *see* 18 U.S.C. § 3583(b)(2), and the three years are not counted toward the ten-year limit set by the substantive statute. *See United States v. Colt,* 126 F.3d 981, 982–83 (7th Cir.1997). Finally, Braziel suggests that the district court erred by increasing her offense level by three for having committed a federal offense while on release. *See* U.S.S.G. § 2J1.7. We see no error. Braziel's pre-trial release order informed her that an offense committed while on release would subject her to increased punishment, *see United States v. Sturman,* 49 F.3d 1275, 1283 (7th Cir.1995), and she pled guilty to just such an offense. This argument would therefore also be frivolous.

In addition to these sentencing issues, Braziel raises concerns about the performance of both of her lawyers—specifically, that the first lawyer falsely indicated to Braziel that the plea agreement provided for concurrent sentences, and that the second lawyer failed to pay sufficient attention during the sentencing hearing. But we have said many times that claims of ineffective assistance are better raised in a collateral attack because the record is often insufficient at this stage for a complete review. *See Schuh,* 289 F.3d at 976. The same can be said for Braziel's allegations of investigative and prosecutorial improprieties—without supporting evidence in the record, it would be frivolous to pursue such arguments on appeal.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.