**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Walter L. SCOTT, Jr.,
Defendant–Appellant.**

No. 90–2288.

United States Court of Appeals,
Seventh Circuit.

Submitted * Feb. 12, 1991.

Decided April 5, 1991.

---

* Oral argument was originally scheduled in this case for February 12, 1991. However, *upon joint motion from the parties and with the ap-* proval of the Court, the parties waived oral argument.

David Capp, Andrew B. Baker, Jr., Asst. U.S. Atty., Hammond, Ind., for plaintiff-appellee.

Clorius L. Lay, Gary, Ind., for defendant-appellant.

Before CUDAHY and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

The defendant Walter L. Scott, Jr. ("Scott") pleaded guilty and was convicted of conspiracy to transfer food stamps in violation of the Food Stamp Act of 1964, 7 U.S.C. § 2024(b) and (c). In this direct criminal appeal we must decide whether the District Court abused its discretion in refusing to consider evidence of Scott's expectations of his potential sentence before denying Scott's motion to withdraw his guilty plea. Finding no error, we affirm.

## FACTUAL BACKGROUND

Pursuant to a plea agreement, Scott pleaded guilty to one count of conspiracy to transfer food stamps unlawfully.[1] In that agreement, Scott stated that he understood his precise sentence would be determined by the District Court and that "no promises have been made ... other than those contained in" the plea agreement. Petition to Enter a Change of Plea, ¶¶ 9(c), 12.

Before accepting the plea, the District Court conducted an extensive hearing at which Scott testified. Scott admitted he understood that his sentence would depend upon a number of factors, including the estimated loss caused by the fraud, the defendant's role in the offense, and whether the offense involved more than minimal planning. Transcript of Hearing on Petition to Enter a Change of Plea ("Transcript") at 9–11. Scott further admitted that the United States was not bound to make any recommendation as to the specific sentence he would receive. Transcript at 15–17. Scott was informed that he could be sentenced to five years incarceration for his crime. Transcript at 19. The District Court told Scott that if the sentence he received was more severe than expected, he would have no right to withdraw his plea. Transcript at 23. Finally, Scott testified that no one had made any prediction as to his likely sentence. Transcript at 23–24.

Despite all this, Scott now asserts that he only entered the plea based upon the understanding that his offense level under the Federal Sentencing Guidelines ("Sentencing Guidelines") would be seven. When the presentence report recommended an offense level of seventeen, Scott asked the District Court to let him withdraw the

---

**1.** In return, the United States agreed to dismiss five substantive counts alleging the unlawful purchase of food stamps from undercover agents.

guilty plea.[2] The District Court refused to hear evidence relating to Scott's understanding of his expected sentence and denied Scott's motion for withdrawal of plea. Scott now claims the District Court abused its discretion in denying his motion to withdraw the plea without first considering evidence of Scott's expectations of his likely sentence.

## ANALYSIS

Upon a showing of any fair and just reason, a district court *may* permit the withdrawal of a guilty plea before the sentence is imposed. FED.R.CRIM.P. 32(d). "A defendant does not have an absolute right to withdraw his guilty plea, and the decision whether to allow him to do so is within the sound discretion of the trial court. The decision of the district court will be reversed only on a showing of abuse of discretion." *United States v. McFarland,* 839 F.2d 1239, 1241 (7th Cir.1988), *cert. den.,* 486 U.S. 1014, 108 S.Ct. 1750, 100 L.Ed.2d 212 (1988); *United States v. Muniz,* 882 F.2d 242, 243 (7th Cir.1989).

In general, incorrect estimates of sentences do not offer fair and just reasons for the withdrawal of guilty pleas. *See United States v. Alvarez–Quiroga,* 901 F.2d 1433, 1438–39 (7th Cir.1990), *cert. den.,* —— U.S. ——, 111 S.Ct. 203, 112 L.Ed.2d 164 (1990); *United States v. Arvanitis,* 902 F.2d 489, 494 (7th Cir.1990); *United States v. Savage,* 891 F.2d 145, 151 (7th Cir.1989); *United States v. Williams,* 919 F.2d 1451, 1456–57 (10th Cir.1990); *United States v. Bradley,* 905 F.2d 359, 360 (11th Cir.1990); *United States v. Stephens,* 906 F.2d 251, 253 (6th Cir.1990); *United States v. Jones,* 905 F.2d 867, 868–69 (5th Cir.1990); *United States v. Sweeney,* 878 F.2d 68, 69–71 (2d Cir.1989); *see also United States v. Salva,* 902 F.2d 483, 486–88 (7th Cir.1990) (Due process does not require the government or the District Court to predict a defendant's sentence before a plea agreement is accepted.). This case fits squarely within the general rule.

The District Court did not abuse its discretion in following this rule. To allow Scott to withdraw his plea because of secret expectations that he harbored in the face of his directly contradictory sworn testimony would undermine the strong societal interest in the finality of guilty pleas. "To deter abuses in the withdrawal of guilty pleas under Rule 32(d), and to protect the integrity of the judicial process, we have held that 'rational conduct requires that voluntary responses made by a defendant under oath [when entering a guilty plea] ... be binding.'" *McFarland,* 839

---

2. Sentencing Guideline § 2F1.1 (fraud and deceit) provides the offense level for violations of the Food Stamp Act. The base offense level is six. The probation officer's presentence report recommended an additional seven levels because the loss caused by the relevant conduct surrounding the conspiracy exceeded $200,000. Another two levels were recommended because the offense involved more than minimal planning. Pursuant to § 3B1.1(a), the presentence report recommended adding four levels because Scott was the leader of the conspiracy that involved five or more persons. Finally, the report recommended subtracting two levels because Scott had accepted responsibility. *See* 3E1.1(a). The resulting recommended offense level was seventeen. The District Court agreed with these adjustments recommended in the presentence report and sentenced Scott accordingly.

Scott first claims he was surprised by the recommendation that the loss exceeded $200,-000. Scott believed his sentence would reflect a loss slightly greater than $2,000 (causing only a one level increase in the base offense level of six). The lower dollar figure represents only the face amount of food stamps the conspiracy unlawfully purchased from undercover agents. The larger figure includes the face amount of all food stamps Scott is alleged to have purchased unlawfully from all persons over a two-year period. (We are somewhat bewildered that Scott was surprised by the seven level increase due to the loss of more than $200,000. At Scott's FED.R.CRIM.P. 11 hearing, the United States indicated that it was prepared to prove a loss of $218,000. Transcript at 28, 31–33.) Scott next quarrels with the recommendation that the offense involved more than minimal planning. Finally, although Scott concedes he was the ringleader (requiring a two level increase pursuant to § 3B1.1(c)), he claims the recommendation that the conspiracy involved five or more persons blind-sided him. Subtracting two levels for acceptance of responsibility, Scott argues that he entered the plea agreement on the belief that his offense level would not exceed seven.

F.2d at 1242 (*quoting United States v. Ellison*, 835 F.2d 687, 693 (7th Cir.1987)). And so, the District Court had no obligation to consider evidence of Scott's secret expectations in rejecting his motion to set aside his plea. Finding no abuse of discretion, we AFFIRM.[3]

---

**3.** Scott has raised two additional issues that merit only brief treatment. He first claims that he did not knowingly and voluntarily waive his right to a jury trial through his guilty plea because of the unexpectedly harsh sentence. This argument is but a rehash of the argument we have rejected above. All we need add is that, fully consistent with FED.R.CRIM.P. 11, Scott testified that he understood he was waiving his right to a jury trial through his plea. Transcript at 24. A knowing and voluntary guilty plea like the one before us waives the right to a jury trial. *Leach v. Kolb*, 911 F.2d 1249, 1255 n. 5 (7th Cir.1990), *cert. den.*, — U.S. —, 111 S.Ct. 441, 112 L.Ed.2d 424 (1990). "Waiving trial entails the inherent risk that the good faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts." *McMann v. Richardson*, 397 U.S. 759, 770, 90 S.Ct. 1441, 1446, 25 L.Ed.2d 763 (1970), *quoted in Arvanitis*, 902 F.2d at 494. Scott has

also appealed the sentence he received. From the Appellant's Brief, we are not certain whether Scott is challenging his sentence by claiming the District Court failed to make findings of fact or whether he is challenging the sufficiency of the evidence to support the District Court's factual findings. In any event, the issue fails. After conducting an extensive sentencing hearing, the District Court made a factual finding to support each disputed adjustment in offense level. Transcript of Sentencing Hearing at 216, 231, 252, 255. *See* Sentencing Guidelines § 6A1.3; FED.R.CRIM P. 32(a)(1); *United States v. Ponce*, 917 F.2d 846, 848–50 (5th Cir.1990). The evidence taken at the hearing amply supports the factual findings. *See United States v. Eske*, 925 F.2d 205 (7th Cir.1991) (A District Court's sentence will be affirmed if "it results from a proper application of the sentencing guidelines to facts not found to be clearly erroneous.") (citations omitted).