998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry ESSER, Defendant-Appellant.
 No. 92-3598.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1993.
Decided July 8, 1993.
 
 Before MANION and ILANA DIAMOND ROVNER, Circuit Judges, PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Larry Esser pleaded guilty to defrauding a federally insured financial institution and making a false declaration at a hearing in United States Bankruptcy Court. Esser's court-appointed attorney, Terry W. Rose, filed a motion pursuant to Circuit Rule 51(a) to withdraw as Esser's counsel. Rose's motion and supporting brief, filed in accordance with Anders v. California, 386 U.S. 738 (1967) and United States v. Edwards, 777 F.2d 364 (7th Cir.1985), claim that all issues on appeal are frivolous. We notified Esser of his attorney's motion and informed him that he could file a response raising any grounds that showed why his conviction should be set aside. No such response was filed, and, therefore, the motion is taken on the brief of the attorney and the record. Finding no nonfrivolous issue for appeal, we grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 The brief submitted by counsel, though not entirely clear, alludes to several possible grounds for an appeal. First, Esser could conceivably argue that he received ineffective assistance of counsel in the district court proceedings because he received a longer sentence than he anticipated and longer than recommended in the presentence investigation report (PSR). This argument is frivolous because Esser acknowledged when he pled guilty that he faced up to 35 years' imprisonment for his offenses. He also acknowledged that the sentencing court could "impose any sentence authorized by law up to the maximum," and that the judge would make his own "determinations regarding any and all issues relating to the application of the sentencing guidelines." R. 38. Moreover, he was informed about the possibility of an upward adjustment from the guideline range. Plea Tr. 17-18. Finally, he indicated to the court that no one had promised or represented to him that if he pled guilty he would receive a certain sentence. Id. at 18. Given these acknowledgements, we do not see how Esser could seriously argue that he was misled regarding the length of his sentence.
 
 
 3
 Esser might also claim that he received ineffective assistance of counsel because his attorney did not recommend that he move to withdraw his guilty plea once he received a sentence greater than he expected. This argument has no merit. As part of the plea agreement, Esser indicated that he understood that he could "not move to withdraw the guilty plea solely as a result of the sentence imposed by the court." R. 38. If he harbored a secret expectation as to the length of sentence that he would receive, this would not justify a withdrawal of the guilty plea. United States v. Scott, 929 F.2d 313, 315 (7th Cir.1991).
 
 
 4
 Attorney Rose also suggests that Esser could conceivably argue that the judge erred in making an upward departure from the guideline range. The court determined that the appropriate offense level and criminal history category were 17 and IV, respectively, yielding an imprisonment range of 37 to 46 months. The court decided to depart upward because
 
 
 5
 there are aggravating circumstances of a kind not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. An upward departure from the guideline range is granted because of the defendant's extensive criminal history. Had defendant's prior convictions been counted separately the defendant would have 19 criminal History Points [instead of merely 8]. In addition, had each pending Court case been counted, he would have 15 additional Criminal History Points. The Court concludes that a category VI more accurately reflects the Criminal History of this defendant. A sentence in the middle of the range of 51 to 61 months is appropriate taking into account the defendant's good work history and his concern for [his] mother who is terminally ill.
 
 
 6
 R. 37.
 
 
 7
 "We review any departure from the guidelines to ensure that the grounds for the departure were appropriate, that the factual findings underlying the departure were not clearly erroneous, and that the extent of the departure was reasonable." United States v. Chong Won Tai, No. 92-1850, 994 F.2d 1204, at ----, 1993 U.S.App. LEXIS 9841, at * 12 (7th Cir. Apr. 28, 1993). The judge's reason for departing upward--Esser's extensive criminal history--is clearly the kind that justifies a departure. U.S.S.G. § 4A1.3; United States v. Elmendorf, 945 F.2d 989, 996 (7th Cir.1991), cert. denied, 112 S.Ct. 990 (1992). The PSR recounts an extensive history of convictions for issuing worthless checks and assorted other violations; it also details the nature and potential penalties Esser faces as a result of pending charges. Together, these facts supply the basis for the upward departure. Finally, the judge clearly explained the extent of his departure and he related it to the structure of the guidelines. He noted how Category VI more closely represented Esser's true criminal history and that the resulting guideline range would be 51 to 63 months. He then explained that he chose the middle of that range because of Esser's good work history and Esser's concern for his terminally ill mother. We conclude that any attempt to appeal the judge's upward departure would be frivolous.
 
 
 8
 Attorney Rose also alludes to the judge's refusal to award Esser a two-level reduction for acceptance of responsibility. The government had agreed to recommend such a reduction, "but only if the defendant exhibits conduct consistent with the acceptance of responsibility." R. 38. In this case, after Esser pled guilty but before he was sentenced, allegations arose that he violated the conditions of his bond. Ultimately, the court issued a warrant for Esser's arrest, which was not served before the scheduled date for sentencing. Esser failed to appear at the sentencing hearing. Br. 4. Despite Esser's claims at the time of his sentencing, his conduct clearly shows that he failed to accept responsibility. See United States v. Beserra, 967 F.2d 254, 256 (7th Cir.) (deeds are better evidence than words of acceptance of responsibility), cert. denied, 113 S.Ct. 419 (1992). Yet even Esser's words fail to show that he fully accepted responsibility. He repeatedly tried to shift blame to others for his predicament. See Sent.Tr. 15-20. This attitude is inconsistent with acceptance of responsibility. Id. Thus, any appeal based on the judge's refusal to grant Esser a reduction for acceptance of responsibility would be futile.
 
 
 9
 Esser failed to file a response to the Anders brief, and our review of the entire record reveals no issues upon which we could base a reversal of Esser's guilty plea or sentence. Therefore, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.