30 F.3d 136
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Spencer H. HARRIS, Defendant-Appellant.
 No. 93-2807.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 14, 1994.
Decided July 22, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Spencer H. Harris pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g). The district court denied a motion to withdraw the plea and sentenced Harris to 96 months' imprisonment. Harris's counsel took an appeal but now has filed an Anders brief reporting that there are no appealable issues. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). At our request, counsel supplemented the record with a transcript of the guilty plea hearing and analyzed that transcript, concluding that it presented no appealable issues. We informed Harris of these events and invited him to respond; Harris did not. The case is ready for decision. We grant counsel's motion to withdraw, and we dismiss the appeal as frivolous.
 
 
 2
 Counsel analyzes with care the only issue he sees as colorable: whether the district court abused its discretion in denying the motion to withdraw the guilty plea. Harris moved to withdraw on the ground that the sentence recommended in the presentence report exceeded what he had expected to receive. Harris asserts that he believed that he would receive only 36 to 48 months' imprisonment. The presentence report computed a range of 140 to 175 months based on the offense plus the nature of Harris's prior felonies. Motions to withdraw pleas are committed to the discretion of the district court, and we agree with counsel that it is hard to get very far in this case arguing abuse of discretion. The extensive written plea agreement did not promise Harris a low term; to the contrary, it informed him that sentencing was up to the judge and that the prosecutor retained full latitude to recommend any sentence up to the statutory maximum. Erroneous estimates of how calculations under the Sentencing Guidelines will turn out do not justify withdrawal of a plea. United States v. Knorr, 942 F.2d 1217, 1220 (7th Cir.1991). Harris informed the court orally, and by signing the plea agreement, that he had not been promised any particular sentence and would be content with the judge's decision. His later claim that he had secret expectations need not be accepted at face value a conflict between statements in open court and later contrary claims may be resolved in favor of the statements in court. United States v. Seavoy, 995 F.2d 1414, 1420 (7th Cir.1993); United States v. Scott, 929 F.2d 313, 315-16 (7th Cir.1991).
 
 
 3
 Perhaps counsel could have repackaged this argument as a challenge to the district court's failure to remind Harris, when accepting his plea, that Harris would not be allowed to withdraw the plea if the court should disagree with the recommendation in the plea agreement. Fed.R.Crim.P. 11(e)(2) provides:
 
 
 4
 If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. If the agreement is of the type specified in subdivision (e)(1)(A) or (C), the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. If the agreement is of the type specified in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw the plea.
 
 
 5
 Our review of the transcript shows that the district judge did not "advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw the plea." Failure to give that advice, if required, logically would be rectified by granting a motion to withdraw the plea of guilty.
 
 
 6
 This just poses the question, however, whether the plea is indeed "of the type specified in subdivision (e)(1)(B)". Rule 11(e)(1)(B) describes a plea agreement in which the prosecutor agrees to "make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court". Our review leads to the conclusion that despite the plea agreement's recitation that it falls under Rule 11(e)(1)(B), it is not covered by that subdivision. The agreement does not recommend a sentence, and the prosecutor does not agree to stand mute when the defendant recommends a sentence. Instead it provides: "At the time of sentencing, each party will be free to recommend whatever sentence that party deems appropriate." Unlike United States v. Bennett, 990 F.2d 998 (7th Cir.1993), the agreement did not specify a sentence indirectly by laying out the quantity of drugs or otherwise stipulating to the criteria that, under the Guidelines, would yield a sentence. Indeed, Harris's point is that the agreement did not contain all of the facts that matter under the Guidelines, which is why the range took him by surprise. Because the agreement did not specify a sentence either directly or indirectly, there was no "recommendation" that the court could fail to "accept," and the advice provided by Rule 11(e)(2) was both unnecessary and inappropriate. See United States v. Price, 988 F.2d 712, 719-20 (7th Cir.1993).
 
 
 7
 The appeal is dismissed.