**UNITED STATES of America, Plaintiff,**

v.

**Emmanuel VLAMAKIS, Defendant.**

**No. 94 CR 407.**

United States District Court,
N.D. of Illinois,
Eastern Division.

Jan. 12, 1995.

Gillum Richard Ferguson, U.S. Attys. Office, Chicago, IL, for plaintiff.

William P. Hapaniewski, Merrillville, IN, Patrick Alan Tuite, Arnstein & Lehr, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before this court is defendant Emmanuel Vlamakis' motion to withdraw his plea of guilty pursuant to Rule 32(e) of the Federal Rules of Criminal Procedure. For the following reasons, Vlamakis' motion is denied.

### I. FACTS

Emmanuel Vlamakis was the sole defendant named in a one-count information filed in the Northern District of Illinois on June 22, 1994. The sole count charged that on January 26, 1993, the defendant unlawfully possessed a 12 gauge sawed-off shotgun with a barrel length of 12 inches and an overall length of 24 inches, with no serial number, and which was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5861(d), 5871.

On July 21, 1994, appearing before this court, Vlamakis pled guilty to the one-count information pursuant to a written plea agreement. At the hearing, the court accepted Vlamakis' plea and entered a judgment of guilty. Transcript of Vlamakis' plea colloquy dated July 21, 1994 ("Tr."), at 20. This court also ordered a pre-sentence investigation by the United States Probation Office and set the sentencing for October 25, 1994.

On October 25, the defendant filed a motion for leave to retain additional counsel and to reset the sentencing date. In his motion, defendant asserted that because the calculations in the pre-sentence investigation report were significantly higher than what were estimated in the written plea agreement, he wished to hire additional counsel to assist present counsel with respect to the guidelines. This court granted the motion and reset sentencing for November 30, 1994. On November 30, the defendant apprised the court of his intention to withdraw his plea of guilty. A few days later, on December 5, 1994, the defendant filed the motion which now comes before this court.

In his motion, the defendant argues that there was not a sufficient factual basis upon which to grant his plea of guilty. Specifically, the defendant asserts that he: (1) did not know that the firearm was illegal; and (2) was unsure of the length of the weapon. The Government, in its objection to the defendant's motion, outlines a number of factors which the court must consider before deciding the motion and argues that none of these factors, individually or together, warrants withdrawal of the guilty plea.

### II. DISCUSSION

■ Rule 32(e) of the Federal Rules of Criminal Procedure [1] provides that if a motion to withdraw a plea of guilty is made before sentence is imposed, the court "may

---

**1.** Because Rule 32 was amended by the 1994 crime bill, effective December 1, 1994, the portion of Rule 32 that deals with plea withdrawal was moved from 32(d) to 32(e). The text of that part of the statute, however, has remained the same.

permit the plea to be withdrawn if the defendant shows any fair and just reason." However, a defendant bears the burden of proving that such a "fair and just reason" exists. *United States v. Coonce,* 961 F.2d 1268, 1275 (7th Cir.1992), and has no absolute right to withdraw the plea. *United States v. Caban,* 962 F.2d 646, 649 (7th Cir.1992). *See also United States v. Malave,* 22 F.3d 145 (7th Cir.1994).

■ Furthermore, when evaluating a motion to withdraw a plea, the court must be mindful of."the solemnity of the taking of the plea." *United States v. Ellison,* 798 F.2d 1102, 1106 (7th Cir.1986), *cert. denied,* 479 U.S. 1038, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987), *aff'd on remand,* 835 F.2d 687 (7th Cir.1987). In *Ellison,* the Seventh Circuit stressed the importance of preserving "the integrity of the plea-taking process." *Id.* The court stated:

> Rule 11's provisions specifically seek to ensure that entry of a plea is not a meaningless act. Great care is taken when accepting pleas under Rule 11. Plea agreements are placed on the record, the voluntariness and accuracy of the plea is ascertained, and detailed advice is provided to the defendant concerning his rights and the consequences of his plea as well as a determination that defendant understands these matters. *Id.*

While keeping in mind the solemnity of the plea-taking process and the burden that the defendant bears when seeking a withdrawal of his plea, the court has carefully considered the arguments set forth by Vlamakis. The court finds that the defendant has failed to articulate a valid reason for granting his motion under Rule 32(e). Below, the court addresses each argument set forth in Vlamakis' motion and other factors that warrant denial of this motion.

## A. *Vlamakis' Motion*

In the defendant's motion, he asserts that withdrawal of his plea is warranted because there was not a sufficient factual basis for his plea. The defendant argues that "while it may have been shown that the defendant knew he was transferring a weapon it is clear from the transcript of his plea of guilty, that he did not know it was illegal and he was unsure of the length of the weapon." Defendant's Motion to Withdraw Guilty Plea, at 3. The court considers each argument in turn.

### 1. *Knowledge of Illegality*

■ Vlamakis first argues that the government has the burden of proving that the defendant knew the law and intended to violate it. The defendant cites *United States v. Obiechie,* 38 F.3d 309 (7th Cir.1994), for this proposition. In *Obiechie,* the defendant was charged with *willfully* engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). At the trial level, the district court held that knowledge of the law was not a necessary element under section 922(a)(1)(A) and found that the government had thus shown a willful violation of that section. On appeal, the Seventh Circuit explained that Congress, in the Firearms Owners' Protection Act of 1986, Pub.L. No. 99–308, 100 Stat. 449 (1986) ("FOPA"), added a set of *mens rea* requirements to a number of firearms crimes. Because of that addition, certain firearms violations would be punished only if they are committed "willfully" and others only if they are committed "knowingly". In *Obiechie,* there was no dispute between the government and the defendant that the government was required to prove a willful violation of section 922(a)(1)(A).

The issue for the court thus became how it should construe Congress' use of the term "willfully", which attached to some firearm offenses, and its use of the term "knowingly", which attached to others. After analyzing how other circuits had split on the issue, the Seventh Circuit found that FOPA's "knowingly" and "willfully" standards were intended by Congress to create different scienter requirements. *Obiechie,* 38 F.3d at 315. "Knowingly," the lesser mental state, refers only to the intent to do the act that is proscribed by law. *Id.* "Willfulness" requires knowledge of the law. *Id.* Because the district court had only applied the lesser standard, the Seventh Circuit reversed *Obiechie's* conviction and remanded the case for a new trial. *Id.*

This case, however, is different from *Obiechie*. Here, the court is not interpreting a statute with an express "willfulness" requirement. In the absence of such a requirement, the court follows the maxim that "ignorance of the law generally is no defense to a criminal charge." *Ratzlaf v. United States,* —— U.S. ——, ——, 114 S.Ct. 655, 663, 126 L.Ed.2d 615 (1994); *Cheek v. United States,* 498 U.S. 192, 199, 111 S.Ct. 604, 609, 112 L.Ed.2d 617 (1991). Therefore, it follows that the government is under no requirement to prove that Vlamakis had knowledge of the law and intended to violate it.

### 2. *Knowledge of the Characteristics of the Weapon*

Vlamakis next argues that there is an insufficient factual basis for the plea because the defendant did not know the characteristics of the weapon that brought it within the statutory definition of a firearm.[2] Section 5845(a)(2) defines a firearm as "a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length." 26 U.S.C. § 5845. The defendant argues that the transcript of his plea of guilty clearly shows that he was unsure of the length of his weapon. Because the court finds otherwise, the court holds that there was a sufficient factual basis for the defendant's plea of guilty.

■ "Fed.Rule Crim.Proc. 11 ... makes clear that the sentencing judge must develop, on the record, the factual basis for the plea." *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). The judge can perform this function in a number of ways, *e.g.,* by inquiry of the defendant, of the attorneys for the government and the defense, by a combination of those, or by what-

ever means is appropriate in a specific case. RULE 11, NOTES OF ADVISORY COMMITTEE ON RULES. In this case, the court used a combination and is certain that the colloquy which resulted, especially those comments which came from the defendant, shows that Vlamakis did know the characteristics of the weapon that brought it within the statutory definition of a firearm. A review of the transcript from the proceeding dated July 21, 1994, will make this much more clear.

In order to establish the factual basis for the plea, the court first addressed the government.[3] The discussion went as follows:

Court: Will the government please summarize what its evidence would be with respect to this matter if the case were to proceed to trial?

Government: Yes, your Honor. If the case were to proceed to trial the government would establish the following facts by presenting testimony and physical evidence.

The evidence would establish that on or about January 26th, 1993, in Harvey, Illinois, the defendant did knowingly and unlawfully possess a firearm, namely a 12–gauge Savage Arms model 311A sawed-off shotgun with the barrel length of 12 inches, and an overall length of 24 inches, bearing no serial number, which was not registered to him in the National Firearms Registration Transfer Record as required by federal law.

More specifically, your Honor, the evidence would establish that the defendant sold the sawed-off shotgun to a cooperating individual of the FBI for $100 in cash. The evidence would show that the firearm was not registered to him, that

---

**2.** Pursuant to *Staples v. United States,* —— U.S. ——, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), in order to obtain a conviction under the National Firearms Act section criminalizing possession of an unregistered firearm, the government must prove beyond a reasonable doubt that the defendant knew the weapon he possessed had characteristics that brought it within the statutory definition of a firearm. The government's argument that *Staples* does not apply to cases involving machineguns, sawed-off shotguns, or artillery pieces has not been accepted in this circuit. *United States v. Ross,* 40 F.3d 144 (7th Cir.1994). In *Ross,* the defendant was convicted of possess-

ing an unregistered machinegun in violation of 26 U.S.C. § 5861(d). Nevertheless, the Seventh Circuit did reverse and remand the case for a new trial in light of the *Staples* decision.

**3.** The portions of the transcript shown deal only with the issue now before the court, namely whether the defendant had knowledge of the characteristics of the weapon. For the sake of economy, the court has deleted those portions of the transcript that do not concern the issue at hand.

he knew it was not registered to him, and that upon making the sale to the cooperating individual, the defendant failed to record the sale or to pay federal transfer taxes as required by law.

\* \* \* \* \* \*

Tr., at 14–15.

After the government finished, the court then addressed the defendant:

Court: Have you heard the statement made by the assistant United States attorney, Mr. Vlamakis?

Defendant: Yes, sir.

Court: Is it true?

Defendant: Yes, sir.

Court: I am going to ask you questions regarding this matter. First of all, on January 26, 1993, at Harvey, in this District, did you knowingly and unlawfully possess a 12–gauge Savage Arms sawed-off shotgun with a barrel length of 12 inches and an overall length of 24 inches, and that that gun had no serial number?

Defendant: Yes, your Honor, but I didn't know it was sawed-off and stuff like that. You know, I didn't know, your Honor. That is the truth.

Court: Did you know that the barrel length was only 12 inches?

Defendant: No, your Honor. I know now that they have told me because I was never involved with these things in my whole life.

Tr., at 16.

At that time, the defendant's lawyer interjected with a question for his client.

Defendant's Attorney: Show the Judge how short it was, how short it was, the shotgun, the barrel?

Defendant: I don't know—this big.

The court then resumed its questioning.

Court: About 12 inches, a foot, is that right?

Defendant: I guess, your Honor.

Tr., at 17.

After questioning the defendant with respect to the other facts set out in the plea agreement, the court again concerned itself with the defendant's knowledge as to the characteristics of the firearm:

Court: Prior to the time that you possessed this shotgun, had you seen other shotguns?

Defendant: Never in my life, sir, no, sir.

Court: You never saw a shotgun?

Defendant: Hunting, you know, yes, sir, yes, sir.

Court: Was the barrel of this shotgun that you are charged with, for violation of the federal law, shorter than other shotguns you have seen previous to that time, or used while you were hunting?

Defendant: Yes, sir.

Court: Substantially shorter?

Defendant: Yes, sir.

Tr., at 18–19.

Finally, the court concluded this inquiry:

Court: Mr. Vlamakis has said, and agrees with the measurement by the FBI, that the barrel was approximately a foot in length.

Government: Correct.

Tr., at 19.

To that, neither the defendant or his attorney objected.

Based on the foregoing, the court finds that the defendant knew the weapon he possessed was well within the statutory definition of a firearm. To fall within the statute, the shotgun, as modified, must have a barrel of less than *eighteen* inches in length. 26 U.S.C. § 5845(a)(2). The court is certain that the responses from the defendant show that he knew that the barrel was substantially shorter than that; in fact, it was shorter by half a foot. Consequently, the court rejects the defendant's second argument and finds that there was a sufficient factual basis for his plea.

### B. *Other Factors*

█ While the court finds the arguments set forth in the defendant's motion devoid of merit, there are also other factors present in this case which bolster the court's conclusion. In addition to the reasons proffered in support of the motion, the court must weigh

other considerations before deciding the motion; among these are timeliness and the voluntariness of the plea. *United States v. Doyle*, 981 F.2d 591, 594 (1st Cir.1992). The court considers each in turn.

### 1. *Timeliness*

■ The timing of a defendant's attempted plea withdrawal is highly probative of motive. *Id.* Thus, close scrutiny of the chronology is important in adjudicating whether retraction is fair and just. *Id.* "While an immediate change of heart may well lend considerable force to a plea withdrawal request, a long interval between the plea and the request often weakens any claim that the plea was entered in confusion or under false pretenses." *Id.; see also United States v. Barker*, 514 F.2d 208, 222 (D.C.Cir.), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975) ("[I]f the defendant has long delayed his withdrawal motion, ... the reasons given to support withdrawal must have considerably more force.").

In this case, the timing of the defendant's motion weighs heavily against granting it. The defendant pled guilty on July 21, 1994. The motion to withdraw the plea of guilty was filed four and one half months later on the date of the scheduled sentencing. In addition, the motion was filed after a presentence investigation report was disbursed to the parties that calculated the defendant's guideline offense level significantly higher than that originally anticipated by the defendant. However, the law is clear that a defendant's "incorrect estimates" and disappointed "secret expectations" as to a potential sentence do not justify the withdrawal of a guilty plea. *United States v. Scott*, 929 F.2d 313, 315–16 (7th Cir.1991).

### 2. *Voluntariness*

■ The court must also determine whether, in light of the defendant's proffered reason and any newly disclosed facts, the plea may still be deemed voluntary and intelligent. *Doyle*, 981 F.2d at 596. Here, the court conducted the plea proceedings in strict conformity with Rule 11's requirements. The court did not accept the plea of guilty until the court had addressed the defendant personally in open court and determined that the plea was voluntary and not the result of force or threats or of promises apart from the plea agreement. Furthermore, the long delay preceding the motion to withdraw is contrary to any notion that the plea was coerced. Therefore, the court concludes that the defendant's guilty plea was both voluntary and intelligent.

### C. *Evidentiary Hearing*

■ In light of the extensive Rule 11 inquiries made by the court before accepting his plea, the court holds that no evidentiary hearing is required on Vlamakis' motion to withdraw his plea. *United States v. Fountain*, 777 F.2d 351, 358 (7th Cir.1985), *cert. denied*, 475 U.S. 1029, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986); *United States v. Thompson*, 680 F.2d 1145, 1152 (7th Cir.1982), *cert. denied*, 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983). A court "must grant an evidentiary hearing only when the defendant's motion presents a 'fair and just' reason for withdrawing his plea." *United States v. Trussel*, 961 F.2d 685, 689 (7th Cir.1992). Here, the court had a full and actual opportunity to observe Vlamakis during the extensive Rule 11 hearing and is satisfied that Vlamakis voluntarily and intelligently entered his plea. Therefore, no evidentiary hearing is required.

### CONCLUSION

Defendant Emmanuel Vlamakis' motion to withdraw his plea of guilty pursuant to Rule 32(e) of the Federal Rule of Criminal Procedure is denied.