85 F.3d 632
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kory K. BIAMI, Defendant-Appellant.
 No. 95-3604.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 23, 1996.[1]
Decided May 10, 1996.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Kory Biami appeals the district court's denial of a motion to withdraw a guilty plea. Biami was charged in 7 counts of a 12-count superseding indictment, the lead count being a charge of conspiracy to possess crack and powder cocaine with intent to distribute. Biami pled guilty to the conspiracy count in return for the government's promise to move for dismissal of the other charges.
 
 
 2
 After Biami's plea but before his sentencing hearing, Congress rejected the Sentencing Commission's proposal to amend the sentencing guidelines to eliminate the 100:1 equivalency ratio between cocaine powder and crack cocaine. In other words, the guidelines continue to punish a drug offense involving one gram of crack cocaine at a level equivalent to that for the same offense involving 100 grams of powder cocaine. See U.S.S.G. § 2D1.1, Application Note 10 (Drug Equivalency Tables). Upon learning that Congress rejected the proposed amendments, Biami sought to withdraw his plea. At the sentencing hearing, Biami stated that when he entered his plea he "really was hoping that the amendments would change on crack cocaine sentencing guidelines." He acknowledged that he had not disclosed his reliance on this hope when he changed his plea and that his counsel had cautioned him that she did not believe the amendments would take effect.
 
 
 3
 The district court denied the motion and moved on to the sentencing phase of the case. By agreement of the parties, Biami's relevant conduct was determined to include approximately 32 grams of crack cocaine and 35 grams of cocaine powder. His prior criminal convictions earned a career criminal sentencing enhancement pursuant to U.S.S.G. § 4B1.1. The district court sentenced him to 188 months incarceration, a $1000 reduced fine, and 5 years supervised release. Had Congress permitted the proposed sentencing amendments to take effect, Biami's career criminal status would have nevertheless dictated a minimum sentence of 151 months.
 
 
 4
 Due process and Federal Rule of Criminal Procedure 11 require that a defendant's guilty plea be voluntary, knowing, and intelligent. See United States v. Musa, 946 F.2d 1297, 1303 (7th Cir.1991); Haase v. United States, 800 F.2d 123, 127 (7th Cir.1986). Federal Rule of Criminal Procedure 32(e) provides that "[i]f a motion to withdraw a plea of guilty ... is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." A plea's involuntariness is one such fair and just reason. United States v. Alvarez-Quiroga, 901 F.2d 1433, 1436 (7th Cir.), cert. denied, 498 U.S. 875 (1990). Our standard of review of the decision to deny relief is deferential: "The district court's findings regarding whether the defendant has 'fair and just' reasons for withdrawal will be upheld unless they are clearly erroneous." United States v. Messino, 55 F.3d 1241, 1247 (7th Cir.1995). The decision itself is committed to the sound discretion of the court. United States v. Groll, 992 F.2d 755, 757-58 (7th Cir.1993).
 
 
 5
 Biami does not challenge any aspect of the plea colloquy or plea agreement. Instead, he argues that his plea was involuntary because his hope that the guidelines would be changed was so strong that it overwhelmed his ability to understand and rationally assess the consequences of his decision. The district court reasoned that Biami's situation was similar to that of defendants who attempt to withdraw guilty pleas because they independently miscalculated what their sentences would be. The court cited United States v. Scott, 929 F.2d 313, 314 (7th Cir.1991), where the defendant argued that he entered a guilty plea only because he believed his guidelines sentencing level would be 7, when in fact it turned out to be a 17. We held that a defendant's incorrect estimate of his likely sentence is generally not a fair and just reason for withdrawal of a guilty plea. Id. at 315. We reasoned that to allow the defendant "to withdraw his plea because of secret expectations that he harbored in the face of his directly contradictory sworn testimony would undermine the strong societal interest in the finality of guilty pleas." Id.
 
 
 6
 The issue here, however, is not so much whether Biami's plea was knowing, but rather whether his disregard of the facts as expressed in his plea agreement and at his plea hearing was so irrational as to support an inference that he acted involuntarily. Biami attempts to distinguish Scott by arguing that his expectation that the law would change was not secret, but was instead a widely publicized public expectation. Biami further cites his limited understanding of the structure of American government, and that he had never even voted. But none of these arguments suggest that Biami acted involuntarily. He made the final decision to plead guilty. He was not led by incapacity or external influences to make an involuntary plea, and was well-counseled as to the likelihood (remote) that the law would change.
 
 
 7
 Biami concedes that no one induced him to enter his plea by guaranteeing the guidelines would change, and that he was motivated by "hope," not compulsion. Biami's extensive experience with the criminal justice system provides further reason to believe he understood the significance of his guilty plea. Cf. United States ex rel. Miller v. McGinnis, 774 F.2d 819, 824 (7th Cir.1985) (court should carefully explore voluntariness of inexperienced defendant's guilty plea who "expresses a quick change of heart"). Finally, he has never argued that he realistically hoped to prevail at trial. At his sentencing hearing, he confirmed that he had told counsel he wanted to "go down fighting" and that counsel had told him his chances of prevailing at trial were "incredibly small." Notwithstanding his later change of heart, his original decision to proceed with his plea was based on his own independent evaluation of the situation, and thus the district court did not clearly err in finding that he acted voluntarily. The motion to vacate the guilty plea was correctly denied, and the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 On April 1, 1996, the court granted Mr. Biami's motion to waive oral argument. Accordingly, the appeal is submitted on the briefs and the record