99 F.3d 1142
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie COOKS, Defendant-Appellant.
 No. 96-1787.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 2, 1996.
Decided Oct. 11, 1996.
 
 Before POSNER, Chief Judge, and BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Willie Cooks attempted, pursuant to Fed.R.Crim.P. 32(e), to withdraw his plea of guilty, based on a written plea agreement, to the offense of one count of distributing PCP in violation of 21 U.S.C. § 846. After holding an evidentiary hearing, the district court denied the motion to withdraw the guilty plea. Cooks was then sentenced to 120 months' imprisonment. On appeal, the district court's denial of a motion to withdraw a guilty plea should not be disturbed absent an abuse of discretion. United States v. Winston, 34 F.3d 574, 578 (7th Cir.1994); United States v. Caban, 962 F.2d 646, 649 (7th Cir.1992); United States v. Scott, 929 F.2d 313, 315 (7th Cir.1991). We find no abuse of discretion here.
 
 
 2
 Several days before the scheduled trial for Cooks and his codefendant Jesus Nevarez was to begin, Cooks informed the district court that he would be entering a plea of guilty. A written plea agreement was signed and accepted by the district court that day. Five months later, at sentencing, Cooks announced that he wanted to withdraw the guilty plea, on the ground that he had originally thought the plea agreement contained a cooperation clause providing an opportunity in the future for a reduction in sentence. Cooks stated that, as promised, he and his wife had both cooperated with the authorities, but that "it didn't work out." The court subsequently held an evidentiary hearing, but ultimately found no reason to permit Cooks to withdraw the plea.
 
 
 3
 Cooks now argues that he pleaded guilty only because he thought that the government had promised that Cooks would receive a reduced sentence in exchange for future cooperation. However, he concedes that when the "plea was explained to me by the judge, I realized for the first time that the plea agreement did not contain a paragraph for cooperation."
 
 
 4
 Unfortunately for Cooks, the government, as it explained to the district court, was simply "not interested" in Cooks's help; he knew nothing of value to the government and thus it did not consider Cooks's assistance to be substantial. While both Cooks and his wife did offer various types of cooperation after the plea hearing, no information received from them led to any other person's arrest or conviction. Cooks offers no persuasive evidence that the government promised to blindly file a motion for reduction of sentence without evaluating the type of assistance Cooks could offer, and no evidence that the government used bad faith. Nor has he suggested that an unconstitutional motive forms the basis of the government's refusal to seek a sentence reduction on substantial assistance grounds. Cf. Wade v. United States, 112 S.Ct. 1840, 1842-43 (1992) ("federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive").
 
 
 5
 In denying the motion to withdraw the plea, the district court could also properly rely on statements made by Cooks during the plea hearing, including his agreement that no "threats, promises or representations have been made, nor agreements reached other than those that have been set forth in the agreement...." There is a presumption of verity that attaches to such statements. United States v. Messino, 55 F.3d 1241, 1248 (7th Cir.1995); United States v. Malave, 22 F.3d 145, 148 (7th Cir.1994); United States v. Ivory, 11 F.3d 1411, 1414-15 (7th Cir.1993); Fed.R.Crim.P. 11. In addition, Cooks repeatedly testified at the evidentiary hearing that the government attorneys had warned him that they could not make any promises. See United States v. Sophie, 900 F.2d 1064, 1071 (7th Cir.1990) (defendant's belief that a promise had been made by government was an unreasonable belief).
 
 
 6
 Finally, in denying the motion to withdraw the plea, the district court pointed out that Cooks had waited several months to attempt to withdraw the plea. See United States v. Basket, 82 F.3d 44, 47 (2d Cir.1996) (defendant delayed filing motion for withdrawal of plea too long, even past the time when it became clear that the government was not going to file a § 5K1.1 application for reduction in sentence, since it found defendant's cooperation unhelpful).
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.